(No. 13516.—Reversed and remanded.)
THE PEOPLE *ex rel.* School Directors, Appellants, *vs.*
THOMAS J. EXTON *et al.* Appellees.

*Opinion filed April 21, 1921—Rehearing denied June 8, 1921.*

1. CONSTITUTIONAL LAW—*when amendment to School law does not violate section 13 of article 4 of the constitution.* The act providing for the creation of community consolidated school districts, (Laws of 1919, p. 904,) which by its title purports to amend the general School law, does not violate the provision of section 13 of article 4 of the constitution that an act shall not be amended by reference to its title, only, as the act simply adds to the School law certain sections printed in the amending act.

2. SAME—*act for creation of community consolidated school districts is based on reasonable classification.* The classification provided in the act for the creation of community consolidated school districts (Laws of 1919, p. 904,) is based upon a rational difference of situation or condition, and the act is not void because it limits the territory which may be organized into a consolidated district to territory bounded by school district lines.

3. SAME—*the legislature may organize, consolidate or change school districts as it deems best for public interest.* There is no constitutional limitation imposed on the legislature with reference to the formation of school districts, and it may provide for the organization or consolidation of such districts or change them as it deems best for the public interest, subject only to express constitutional limitations.

4. SAME—*unconstitutionality of act must be obvious.* To declare an act in violation of the constitution the conflict must be plain and obvious.

5. SCHOOLS—*what is not an improper direction in notice of election.* In giving the required notice of an election to organize a community consolidated school district it is not improper for the county superintendent, following the statement of the proposition, to give the direction, "The voter shall make an X or cross mark in the space opposite the proposition favored," as the act requires a ballot giving one form for the proposition and the other form against it, and the voter cannot misunderstand that if he favors the negative proposition he shall mark the ballot accordingly.

6. SAME—*ballots must bear fac simile signature of the county superintendent of schools.* Ballots for the election of president and

members of a board of education for a community consolidated school district must bear the *fac simile* signature of the county superintendent of schools. (*People* v. *Williams, ante,* p. 86, followed.)

CARTER and STONE, JJ., dissenting.

APPEAL from the Circuit Court of Champaign county; the Hon. FRANKLIN H. BOGGS, Judge, presiding.

LOUIS A. BUSCH, State's Attorney, (OLIVER B. DOBBINS, DONALD C. DOBBINS, and F. B. LEONARD, JR., of counsel,) for appellants.

HERRICK & HERRICK, for appellees.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

By leave of court the school directors of three school districts in Champaign county, and property owners, taxpayers and residents therein, filed an information in the name of the People in the circuit court of that county against the appellees to test the organization of Thomasboro Community Consolidated School District and the right of the appellees to exercise the powers of a district and as officers of the same, which they had assumed. The appellees filed a plea setting forth the proceedings for the organization of the community consolidated school district out of the territory of the three school districts and the election of the defendants as president and members of the board of education thereof. The relators demurred to the, plea, and the demurrer being overruled they elected to stand by it, and judgment was entered in bar of the information and for costs.

It was charged in the information that the act providing for the creation of community consolidated school districts amends the general School law by reference to its title, only, and is therefore void because in violation of

section 13 of article 4 of the constitution. By the title and the enacting clause the act purports to be an act to amend the act to establish and maintain a system of free schools, by adding thereto seven new sections, to be known as sections 84*a*, 84*b*, 84*c*, 84*d*, 84*e*, 84*f* and 84*g*, which are printed in the act. (Laws of 1919, p. 904.) While the act is called an act to amend the general School law, it does not change, reform, revise, correct or modify any provision of the general School law or purport by its language to do so. The act gave to a district to be organized under the added sections the same powers and duties as other school districts under the School law, which remained the same, and some added powers were given to the districts so organized. If the act should be regarded as adopting other portions of the School law, that is a method of legislation free from constitutional objections; (*People* v. *Crossley*, 261 Ill. 78;) but this act was not even of that character, since it simply added to the School law the sections and specifically gave to the districts organized under it the rights and powers of the whole act, and section 13 of article 4 of the constitution was not violated.

It was further charged in the information that the act is void because it limits the territory which may be organized into a community consolidated school district to territory bounded by school district lines, thereby creating an arbitrary and unreasonable distinction in not permitting any territory in the State similar in situation and circumstances to take advantage of its provisions. The argument under this charge is, that the act denies its privileges and benefits to territory identical in all respects with the designated territory except as to districts existing in district boundaries. In this connection it is said that the district, when organized, is simply a school district which takes the place of and supersedes all common school districts within the same territory, with all the powers and authority of the common school districts displaced by it and many others in addi-

tion. If that is so it furnishes a sufficient reason against the argument, for no other territory partly in one district and partly outside would be in the same situation, and the classification is based upon a rational difference of situation or condition upon which the classification rests. It is also to be remembered that in order to declare an act in violation of the constitution the conflict must be plain and obvious. There is no constitutional limitation imposed on the legislature with reference to the formation of school districts, and it may provide for the organization or consolidation of districts or change them, as it deems best for the public interest, subject only to express constitutional limitations. (*People* v. *Chicago and Illinois Midland Railway Co.* 256 Ill. 488; *People* v. *Madison,* 280 id. 96.) The court did not err in overruling the demurrer so far as the validity of the act is concerned.

The plea set forth the proceedings for the election to organize the district, which by the statute was to be held in accordance with the Australian ballot system, and the validity of the ballot is questioned on account of a direction given by the county superintendent of schools. The ballots were required to be in substantially the following form:

| For the proposition to create a community consolidated school district | |
|---|---|
| Against the proposition to create a community consolidated school district | |

The county superintendent was required to give notice of the election, and following his statement of the proposition gave this direction: "The voter shall make an X or cross mark in the space opposite the proposition favored." It is argued that the county superintendent submitted only a single proposition, which was unlawful under the rule that there must be a clear and unmistakable way for voters to express their choice. (*Harvey* v. *County of Cook,* 221 Ill. 76.) It is urged that the direction of the notice and bal-

lot gave the voter only in a one-sided way information how he could vote; 'that if he happened to be a voter favoring the proposition the instruction directed him how to mark the ballot, but if he opposed it no such instruction was on the ballot, and there ought to have been a direction to make a mark in the square opposite the proposition opposed as well as opposite the proposition favored. The act required a ballot giving one form for the proposition and the other form against it, and we cannot see that any voter could have misunderstood that if he favored the negative proposition he would mark the ballot accordingly.

The next question is whether the election of the appellees as president and members of the board of education was illegal and void because on the back of the ballot there was no *fac simile* of the signature of the county superintendent of schools. It was charged that the ballot lacked any official certificate of authentication, and the copy of the ballot contained in the plea did not bear any such authentication. The court has decided in *People* v. *Williams,* (*ante,* p. 86,) that the election must be held under the Australian Ballot law.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Mr. JUSTICE STONE, dissenting:

I do not agree with the reasoning and conclusion of the opinion that the legislature intended that the whole of the Australian Ballot law should apply to the elections provided for under sections 84*a* to 84*g* under consideration in this case. Section 84*f* of the act in question provides: "Except as herein otherwise provided such election [of boards of education] shall be governed by the provisions of sections 126 and 126*a* of this act." In addition to the reasons given in the dissenting opinion in *People* v. *Williams,* (*ante,* p. 86,) further evidence that the legislature did not intend the whole Australian Ballot law to apply will be found upon

examination of sections 126 and 126a of the School law. Section 126 contains the provision that the elections of boards of education shall be governed by the provisions of the act relating to the election of boards of directors, also giving to boards of education additional powers as to precinct boundaries and appointment of judges and clerks for such elections. Prior to July 1, 1915, when section 126a was amended to include reference to the Ballot law, there had never been any attempt to combine the election system for political officers with the election system provided by the School law. In 1915 the legislature amended section 126a by incorporating therein reference to the Australian ballot system in the language herein referred to. It is significant that section 126a does not purport to repeal that portion of section 126 which provides for the election of boards of education under the provisions of the general School law relating to boards of directors. It is also significant of the intention of the legislature that in its latest enactments on the subject in 1919, when it amended sections 126 and 126a of the School law, the provision of section 126 that elections of boards of education shall be governed by the provisions of the School law relating to boards of directors was left undisturbed in that section. As section 84f of the School law, relating to consolidated school districts, requires that elections held thereunder shall be in accordance with sections 126 and 126a, the provision of section 126 referred to is made as much a part of the law relating to such elections as is section 126a. The two methods of election are separate, distinct and wholly inconsistent with each other. Had the legislature intended that the entire Australian ballot system should apply, the simplest thing it could have done would have been to say so. In this case, as in the case of *People* v. *Williams, supra,* to hold invalid that portion of section 126a relating to the Australian ballot system does not vitiate the election, as there still remains in the School law a system whereby such elections may be

held, and such departures from that law as may have oc-
curred in this election are not shown to have been more than
mere irregularities not affecting the validity of the election.

Mr. JUSTICE CARTER, also dissenting.

---

(No. 13636.—Reversed and remanded.)
THE PEOPLE *ex rel.* Joseph Baumgardner *et al.* Appellees,
*vs.* CHARLES E. SHULTZ *et al.* Appellants.

*Opinion filed April 21, 1921.*