(No. 13980.—Reversed and remanded.)
THE PEOPLE *ex rel.* S. J. Hanks *et al.* Appellees, *vs.*
A. L. BENTON *et al.* Appellants.

*Opinion filed December 22, 1921.*

1. SCHOOLS—*act of 1919 for organization of community consolidated school districts is not invalid.* The act of 1919 authorizing the creation of community consolidated school districts does not contravene any of the provisions of the constitution, and under said act any compact and contiguous territory bounded by school district lines may be organized into a community consolidated school district, regardless of whether the territory embraced within its boundaries lies in one or more townships or in one or more counties.

2. SAME—*the Supreme Court must dispose of case under law in force when its decision is rendered.* In a proceeding by *quo warranto* attacking the organization of a school district the Supreme Court must dispose of the case under the law in force when its decision is rendered and not as the law was when the judgment was rendered in the circuit court.

3. SAME—*curative act of 1921 applies only to districts organized prior to its passage.* The curative act of 1921 validating the organization of community consolidated school districts is entirely retroactive and applies only to districts where the attempted organization took place prior to its passage and approval.

4. SAME—*curative act of May 4, 1921, validates district if election failed to conform to Ballot law.* The curative act of May 4, 1921, validates the attempted organization of a community consolidated school district where the election did not conform to the provisions of the Australian Ballot law in that the ballots did not contain the endorsements required by section 14 of said law, as the legislature has authority to provide for the organization of such districts under an election different from that provided by the Ballot law or without any vote on the question.

5. QUO WARRANTO—*demurrer to plea admits facts stated in plea to be true.* By filing a general and special demurrer to a plea to an information in the nature of *quo warranto* the relators admit the facts stated in the plea to be true, and the only question presented is whether the facts stated present a good defense to the information.

DUNN and CARTWRIGHT, JJ., dissenting.

APPEAL from the Circuit Court of Macon county; the Hon. WILLIAM K. WHITFIELD, Judge, presiding.

LEFORGEE, BLACK & SAMUELS, for appellants.

JESSE L. DECK, State's Attorney, and WHITLEY & FITZ-GERALD, for appellees.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

The State's attorney of Macon county by leave of the circuit court filed an information in the nature of *quo warranto* against appellants, calling upon them to show by what authority Community Consolidated School District No. 154 claims to exist and by what authority appellants claim to hold the office of president and members of the board of education of said district. A general and special demurrer filed to the information was overruled. Appellants then filed a plea setting forth the proceedings for the organization of the consolidated district out of the territory of school districts Nos. 30, 32 and 33 of Macon county and their election as president and members of the board of education of said consolidated district. Appellees filed a general and special demurrer to the plea and the demurrer was sustained. Appellants elected to stand by their plea and judgment was entered ousting appellants. This appeal followed.

Appellees contend that the judgment of the circuit court ought to be affirmed for the following reasons: First, the act which authorizes the creation of community consolidated school districts is unconstitutional; second, the act does not apply to the consolidation of school districts lying wholly within one county; third, because the territory embraced within the consolidated district lay wholly in one township it must be organized under sections 46 or 121*a* of the general School law; fourth, the ballots used in the

election to organize the district and in the election of the board of education did not contain the official indorsement of the county superintendent of schools, as required by section 14 of the Ballot law, and the election was not conducted. in accordance with the Australian ballot system and is therefore void; and fifth, the territory embraced within Community Consolidated School District No. 154 overlaps territory embraced within Community Consolidated School Districts Nos. 152 and 153, organized prior to consolidated district No. 154.

All the contentions of appellees with respect to the first three points have been considered and answered in *People* v. *Exton,* 298 Ill. 119, *People* v. *Shultz,* id. 125, and *People* v. *Moyer,* id. 143. We there held that the act of 1919 authorizing the creation of community consolidated school districts did not contravene any of the provisions of the constitution, and that under its provisions any compact and contiguous territory bounded by school district lines may be organized into a community consolidated school district, regardless of whether the territory embraced within its boundaries lies in one or more townships or one or more counties.

At the time judgment was entered in the circuit court the court properly held that the elections involved were void for the reason that the ballots used contained no indorsements and that the election was not otherwise conducted in accordance with the provisions of the Australian Ballot law, (*People* v. *Williams,* 298 Ill. 86; *People* v. *Bushu,* 288 id. 277;) but we must dispose of the case under the law in force at this time and not as it was when judgment was rendered in the circuit court. (*People* v. *Madison,* 280 Ill. 96.) May 4, 1921, there became effective in this State an act entitled "An act to legalize the organization of certain community consolidated school districts." That act provides: "That in all cases where a majority of the inhabitants, regardless of sex, of any contiguous ter-

ritory bounded by school district lines, voting on the proposition, having voted at any election called for the purpose by a county superintendent of schools in favor of the organization of such territory into a community consolidated school district, and when at a subsequent election similarly called and held, a board of education has been chosen for such district, each such election is hereby made legal and valid, and such territory is hereby declared legally and validly organized and established as a community consolidated school district." (Laws of 1921, p. 796.) This act is entirely retroactive and applies only to districts where the attempted organization took place prior to its passage and approval. The legislature had authority to provide for the organization of community consolidated school districts under an election different from that provided by the Australian Ballot law and to authorize the use of ballots that did not contain the indorsements required by section 14 of said law or without any vote on the question at all. Having the power to authorize the organization of the district in question and the election of appellants as members of the board of education at an election held in accordance with the provisions of the act of 1921 hereinbefore quoted, the legislature has the power to validate the district theretofore irregularly organized. (*Fisher* v. *Fay,* 288 Ill. 11: *People* v. *Militzer,* 272 id. 387; *People* v. *Opie, ante,* p. 11.) Since the passage of the act of May 4 the form of ballot used and the method of conducting the elections in question are no longer valid objections to the legality of Community Consolidated School District No. 154 for the reasons given in the cases cited.

The petition for a vote upon the question of consolidating school districts Nos. 30, 32 and 33 into a community consolidated school district was filed with the superintendent of schools of Macon county July 23, 1920, and the election pursuant thereto was held August 23, 1920. Appellees allege in their information that school districts Nos. 30, 31

and 49 of Macon county were theretofore organized into Consolidated School District No. 152, pursuant to an election held August 7, 1920, in accordance with the provisions of section 121*a* of the School act, (Laws of 1917, p. 733,) and that school districts Nos. 33 and 34 of Macon county had theretofore been organized into Consolidated School District No. 153 pursuant to an election held August 21, 1920, according to the provisions of the same section. By their plea appellants say: "That the territory comprising Community Consolidated School District No. 154, or any part thereof, is not in any other consolidated school district; that the records of the Macon county clerk's office, the Macon county superintendent's office or the recorder of deeds' office did not at the time of the organization election herein above referred to, or at any time since the date of said election, show that said territory, or any part thereof, is organized as consolidated district 152 or 153, as is alleged in the petition for leave to file an information and in the information filed herein; that, in fact, there was at the time of the filing of the petition to organize said district above mentioned or the holding of the election above mentioned, or at the time of the filing of this suit, no record, returns, report, papers or memorandum of any kind or character on file in any of said offices, or in any other place of public record in said Macon county, of the organization of any school district embracing or including the territory above described or any part thereof." By the demurrer appellees admit the facts stated in the plea to be true, and the only question before us is whether such facts present a good defense to the information. If it is true that Community Consolidated School District No. 154 embraces within its limits a part of the territory of two other legally organized consolidated school districts, then district No. 154 is not a legally organized district for the reason that the territory embraced within its limits is not bounded by school district lines, and for the further reason that two

school districts exercising the same powers cannot legally exist at the same time in the same territory   In the present state of the pleadings the legality of the organization of consolidated districts Nos. 152 and 153 is not before us, and we are therefore not able to say that Community Consolidated District No. 154 embraces parts of territory of other consolidated school districts theretofore legally organized.

In view of the present state of the law the judgment is reversed and the cause remanded to the circuit court of Macon county for further proceedings consistent with the views herein expressed.       *Reversed and remanded.*

DUNN and CARTWRIGHT, JJ., dissenting:

Community Consolidated School District No. 154 was constituted out of the territory of original school districts Nos. 30, 32 and 33, by virtue of an election held on August 23, 1920.   The petition charged that before that time district No. 30 had been consolidated with districts Nos. 31 and 49 so as to form Consolidated School District No. 152 pursuant to an election held on August 7, 1920, in accordance with the provisions of section 121*a* of the School law, and that school district No. 33 had been consolidated with school district No. 34 so as to form Consolidated School District No. 153 pursuant to an election held on August 21, 1920, in accordance with the provisions of section 121*a* of the School law.   The information set forth at length the proceedings under section 121*a* resulting in the formation of the Consolidated School Districts Nos. 152 and 153. By these consolidations districts No. 30 and No. 33 ceased to exist as school districts but became a part of the consolidated districts, respectively, and it was claimed, therefore, that the territory comprising Community Consolidated School District No. 154 was not composed of territory bounded by school district lines.

So far as this part of the information is concerned the plea states: "That the territory comprising Community

Consolidated School District No. 154, or any part thereof, · is not in any other consolidated school district; that the records of the Macon county clerk's office, the Macon county superintendent's office or the recorder of deeds' office did not at the time of the organization election herein above set forth, or, at any time since the date of said election, show that said territory, or any part thereof, is organized as consolidated district 152 or 153, as is alleged in the petition for leave to file an information and in the information filed herein; that, in fact, there was at the time of the filing of the petition to organize said district above mentioned or the holding of the election above mentioned, or at the time of the filing of this suit, no record, returns, report, papers or memorandum of any kind or character on file in any of said offices, or in any other place of public record in said Macon county, of the organization of any school district embracing or including the territory above described or any part thereof."

This plea does not answer the charge in the information that original school districts Nos. 30 and 33 had ceased to exist and become a part of consolidated districts Nos. 152 and 153. The averments of the information show the consolidation of the original school districts and the legal organization of school districts Nos. 152 and 153. The plea does not deny that the acts alleged to have been done in the formation of the consolidated districts did occur. If they did occur, then original districts Nos. 30 and 33 ceased to exist, the consolidated districts Nos. 152 and 153 were legally organized, and the territory composing district No. 30 and district No. 33 became a part of the new consolidated districts. The statement of the plea that the territory comprising Community Consolidated School District No. 154, or any part thereof, is not in any other consolidated school district is a mere statement of the conclusion of the pleader, not founded upon any fact alleged and not denying any fact stated in the information.

The statement that the records of the Macon county clerk's office, the county superintendent's office and the office of the recorder of deeds did not show that the territory, or any part thereof, was organized as consolidated district No. 152 or No. 153, and that no record, returns, report, papers or memorandum of any kind was on file in any of said offices, or any other place of public record in Macon county, of the organization of any school district embracing or including the territory above described, or any part thereof, is immaterial. There is nothing in the statute which requires any such record preliminary or as a condition precedent to the organization of a consolidated school district under section 121*a* of the School law. The provision of paragraph (*c*) of that section is, that upon the election called in the manner required by paragraph (*b*), if in each school district the majority of the votes upon the proposition shall be in favor of the consolidation such district shall be consolidated. No record, return, report or paper of any kind is required to be filed in any office or other place of public record in the county. An election called in the manner required by the section, resulting favorably to the consolidation in each of the school districts affected, automatically effects the consolidation.

The statute requires the trustees of schools, on dividing a township into school districts, to cause a map of the township to be prepared on which the districts shall be designated by their respective numbers, and when a change shall be made in the boundaries of the school district, that a statement of such change in the map shall be delivered to the county clerk, and makes it the duty of the county clerk to file such statement, and all papers relating thereto, and record them. The filing of such a map, however, is not a prerequisite to the formation of a district. As said in *School Directors* v. *School Directors,* 73 Ill. 249, it is in nowise connected with the formation of the district, but its obvious purpose is to enable the county clerk to cor-

rectly extend the taxes levied by the directors in the various districts. It is further said: "That there should be such a map filed for that purpose is true, but if not filed, and the clerk were to extend the taxes on the property in districts from the records of the board of trustees, it would not form a valid objection to the tax thus levied, nor can it to the legal and valid organization of a school district that the map is not properly made or filed." It was so held again in *School Directors* v. *School Directors*, 135 Ill. 464.

In our judgment the demurrer to the plea was properly sustained and the judgment of the circuit court should be affirmed.