(No. 13979.—Reversed and remanded.)

THE PEOPLE *ex rel.* W. B. Traughber *et al.* Appellees, *vs.* W. C. CHYNOWETH *et al.* Appellants.

*Opinion filed December 22, 1921—Rehearing denied Feb. 8, 1922.*

1. SCHOOLS—*act for organization of community consolidated school districts is not invalid.* The act of 1919 for the organization of community consolidated school districts does not violate section 13 of article 4 of the constitution. (*People* v. *Exton,* 298 Ill. 119, and *People* v. *Moyer,* id. 143, followed.)

2. SAME—*community consolidated school district may be organized in only one county.* The organization of community consolidated school districts under the act of 1919 is not limited to territory lying in two or more counties but such district may be made up of territory lying entirely in one county. (*People* v. *Shultz,* 298 Ill. 125, followed.)

3. SAME—*when the act of 1921 validates organization of community consolidated school district.* The act of May 4, 1921, validates the organization of a community consolidated school district where the elections on the proposition and for the school board were not held according to the provisions of the Australian ballot system, and the validating act will be applied to obviate such objections although it was not passed until after the case was submitted to the Supreme Court.

CARTWRIGHT and DUNN, JJ., dissenting.

APPEAL from the Circuit Court of Macon county; the Hon. WILLIAM K. WHITFIELD, Judge, presiding.

LEFORGEE, BLACK & SAMUELS, for appellants.

JESSE L. DECK, State's Attorney, and WHITLEY & FITZGERALD, for appellees.

301— 5

Per CURIAM: Upon an information in the nature of *quo warranto* the circuit court of Macon county entered a judgment of ouster against the appellants from the offices of president and members of the board of education of Community Consolidated School District No. 149, in Macon county.

The district was organized under the act of June 24, 1919, adding sections 84*a* to 84*g* to the School law. (Laws of 1919, p. 904.) The appellees argue that the organization of the district is invalid because the act under which it was organized violates section 13 of article 4 of the constitution. The question has been decided to the contrary. *People* v. *Exton,* 298 Ill. 119; *People* v. *Moyer,* id. 143.

The district lies entirely in Macon county, and the appellees contend that the act of June 24, 1919, applies only to districts lying in two or more counties. This question has also been decided otherwise. *People* v. *Shultz,* 298 Ill. 125.

It is contended that the provisions of the Australian ballot system were not followed in the elections on the proposition to organize the district and for president and members of the board of education, and women voted. These objections would have been fatal were it not for the curative act of May 4, 1921. (Laws of 1921, p. 796; *People* v. *Williams,* 298 Ill. 86; *People* v. *Clark,* 298 id. 170; *People* v. *Kinsey,* 294 id. 530.) That act, however, makes the organization valid. (*People* v. *Opie, ante,* p. 11.) It was approved May 4, 1921, after this cause was submitted at the April term, but the case must be decided according to the law as it exists now and not as it was then.

The judgment will therefore be reversed and the cause remanded.                    *Reversed and remanded.*

CARTWRIGHT and DUNN, JJ., dissenting.