(No. 14503.—Reversed and remanded.)

THE PEOPLE *ex rel.* Howard A. Pillsbury *et al.* Appellees, *vs.* LEONARD EDVANDER *et al.* Appellants.

*Opinion filed October 21, 1922.*

1. CONSTITUTIONAL LAW—*community high school validating act of 1921 is valid.* The act of May 10, 1921, validating the organization of certain community high school districts, is constitutional and valid. (*People* v. *Opie,* 301 Ill. 11, and *People* v. *Graham,* id. 446, followed.)

2. SAME—*what determines validity of validating act.* The test of a validating act in all cases is whether the General Assembly might, before the act took effect, have authorized the act which it attempts to validate.

3. SCHOOLS—*when act of 1921 validates community high school district.* Where applicable, the act of May 10, 1921, validates the organization of a community high school district, and the election of the board of education therein, without regard to the form of the ballot used at the elections, if a majority of the persons voting have voted for the organization of the district; and the law does not require that a majority of the inhabitants must have voted.

APPEAL from the Circuit Court of Henry county; the Hon. EMERY C. GRAVES, Judge, presiding.

T. W. HOOPES, J. H. ANDREWS, and MARTIN O'CONNOR, for appellants.

CARL A. MELIN, and STURTZ & EWAN, (JOHN T. CUMMINGS, of counsel,) for appellees.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

This appeal is from a judgment of ouster rendered in the circuit court of Henry county on an information in the nature of *quo warranto* against appellants, Leonard Edvander, Luther Hultgren, Philip Brodd, Charles Engnell and A. E. Anderson, December 12, 1921. The information charged appellants with usurping the office of members of the board of education of Community High School Dis-

trict No. 195 in Henry county, Illinois, and called upon them to show title to their offices. Appellants filed two pleas of justification, to which a demurrer was sustained, and appellants elected to stand by their pleas.

The two pleas of justification set out all of the steps taken in the organization of the district. They allege that a petition signed by fifty-nine persons, described as legal voters of the territory, was filed March 8, 1920; that notice of an election to vote for or against the district was given March 10, 1920, and an election was held March 27, 1920, at which election the majority of the votes cast were in favor of the organization of the district; that thereafter, on May 22, 1920, a plat of the district was filed with the county clerk by the county superintendent of schools; that on April 24, 1920, the appellants were elected the board of education of said district; that a high school was conducted by the district from September, 1920, to June, 1921, and from September, 1921, until this suit was filed to the November term of said court. The plat of the district filed by the county superintendent, and which was set out in the pleas, shows that the district consists of the west twenty-four sections of Andover township, the east ten sections of Lynn township, which joins Andover on the west, and forty acres in the southwest corner of section 34 of Osco township, which lies north and adjoining Andover township, making in all a district of thirty-five sections of compact and contiguous territory.

After the attempted organization of the district and the election of appellants as the board of education, and before this suit was filed, the General Assembly passed an act to validate the organization of certain community high school districts, which became a law May 10, 1921. (Laws of 1921, p. 797.) It is the contention of appellants that all irregularities in the proceedings of the organization of this district were cured by that act and that the organization of the district was thereby made valid. Appellees contend that

304–26

the pleas are bad because (1) the validating act is unconstitutional and void; (2) the pleas failed to show that either of the two elections called was held under the Australian Ballot law; and (3) the boundaries of the district are uncertain and indefinite because of the insufficiency and uncertainty of this description in the petition for organization, to-wit, "forty acres in S. W. sec. 34, in Osco township, all in Henry county, Illinois."

Practically the same authorities are urged by appellees in this case as to the unconstitutionality of this act as were urged and pressed upon the attention of this court in *People* v. *Opie,* 301 Ill. 11, and *People* v. *Graham,* id. 446. We adhere to the ruling in the foregoing decisions as to the validity of the validating act and again hold that the same is constitutional and valid.

It has been repeatedly held by this court that the legislature has authority to provide for the organization of community high school districts under an election differing in the method of its holding from that provided by the Australian Ballot law and to authorize the use of ballots that do not contain the indorsements required by section 14 of that law, or without any vote on the question of organization whatever. Having the power to authorize the organization of the district in question without requiring any petition or election whatever by the people, and having also the power to designate the manner of election of the members of the board of education and the form of the ballots used in such election, it also had the power to validate the school district and the election of the board of education that was elected in the manner in which appellants were elected, and the validating act did have the effect to validate the district in question and the election of appellants. The test in all cases of a validating act is whether the General Assembly might have authorized the act which it attempts to validate before it took place. (*People* v. *Fifer,* 280 Ill. 506; Cooley's Const. Lim. 381; 8 Cyc. 1083; 26 Am. &

Eng. Ency. of Law,—2d ed.—609.)    It has been many
times decided by this court that the legislature can create
a school district by its own action and fix the boundaries
thereof, etc.    It is certain that it could also have prescribed
the manner of the election of the board of education and
the form of the ballot that was employed and used in the
election of the appellants.    There is no conceivable reason,
therefore, why the legislature could not validate the school
district and the election of appellants.    Since the passage of
the curative act all such high school districts as the one in
question, organized prior to the validating act, are legal dis-
tricts without regard to the form of the ballot used at the
election for the organization thereof; and the same is true
as to the election of the board of education.    *People* v. *Opie,
supra; People* v. *Benton,* 301 Ill. 32; *People* v. *Chynoweth,*
id. 65.

We agree with appellants' interpretation of the last line
of the description of the school district as above set forth
in appellees' third objection, relating to the description of
the boundaries of the district as given in the petition for
the organization of the district.    Appellants' interpretation
is that the forty acres described are in the southwest corner
of section 34.    But regardless of which forty was described
in the petition or whether or not the description describes
any definite forty acres, the insufficiency was cured by the
validating act and is now of no importance.

Appellees contend that the validating act in question
does not apply to this case.    This contention arises from a
misinterpretation of the meaning of the following words
found in the first sentence of section 1 of the act:    "That
in all cases where a majority of the inhabitants of any con-
tiguous territory, voting on the proposition, have voted at
an election called for the purpose by the county superintend-
ent of schools, in favor of the organization of such terri-
tory into a community high school district."    The words
"majority of the inhabitants of any contiguous territory"

voting on the proposition simply mean the majority of the persons voting on such proposition. There is no such requirement or meaning in those words that the majority of the inhabitants of the territory must have voted at such an election. The act applies in all cases where the majority of those voting vote for the organization of the district.

The judgment of the circuit court is reversed and the cause is remanded, with directions to overrule the demurrer of appellees.

*Reversed and remanded, with directions.*