(No. 15386.—Judgment affirmed.)

THE PEOPLE *ex rel.* G. A. Mitchell, Defendant in Error, *vs.* ROBERT ENGLE *et al.* Plaintiffs in Error.

*Opinion filed October 28, 1924.*

1. SCHOOLS—*community high school validating act of 1921 is valid.* The act of May 10, 1921, validating irregularities in the organization of community high school districts, is a valid act.

2. SAME—*general rule as to when school district is "compact."* The word "compact," as used in statutes relating to schools, means concentrated or close or near to a certain center, and a school district is compact and contiguous when all the pupils residing in the district may travel from their homes to the school building and return in a reasonable length of time and with a reasonable degree of comfort.

3. SAME—*when act of 1921 cannot validate district.* The validating act of May 10, 1921, cannot have the effect of validating a community high school district which is not compact and contiguous in the constitutional sense.

4. SAME—*when community high school district is not compact.* A community high school district is not compact and contiguous within the meaning of the law, where, even though the school building be located in the most central community of the district, some of the pupils will be compelled to board and lodge in such community in order to attend the school regularly at all seasons of the year.

5. QUO WARRANTO—*estoppel must be raised in trial court.* The defense of estoppel to a proceeding in *quo warranto* must be made in the trial court and cannot be entertained for the first time in the Supreme Court.

HEARD, J., took no part.

WRIT OF ERROR to the Circuit Court of Stephenson county; the Hon. HARRY EDWARDS, Judge, presiding.

R. R. TIFFANY, for plaintiffs in error.

CHARLES H. GREEN, State's Attorney, E. E. LAUGHLIN, J. W. WATTS, and H. A. BROOKS, for defendant in error.

Mr. CHIEF JUSTICE DUNCAN delivered the opinion of the court:

The circuit court of Stephenson county found plaintiffs in error, Robert Engle and four others, guilty of usurping the privilege and franchise of a community high school district and gave judgment against them for one dollar and costs. This writ of error is prosecuted to review the judgment.

The petition for leave to file the information was presented to the judge of the court by Charles H. Green, State's attorney, on the relation of G. A. Mitchell, a citizen and tax-payer of said county, in vacation, on November 19, 1921, and leave was granted to file the same and it was filed. The petition charged, in substance, that the superintendent of schools of said county received a petition signed in the manner required by section 89a of the School law, praying for a vote of the people of the territory for and against organizing Freeport Community High School District No. 307; that the county superintendent posted notices of the election and the same was held December 18, 1920, resulting in a majority vote for such organization; that the territory contained about 124 sections of land, situated in the four townships of Lancaster, Harlem, Florence and Silver Creek, all cornering at a common center, at which is located the city of Freeport, the community center, having a population of about 20,000; that Engle and the other four plaintiffs in error claimed to exercise, and are exercising, the office of members of the board of education of the alleged district and claimed to be elected by the vot-

ers thereof; that both the elections to organize the district and to elect the board were void because not held under and according to the provisions of the Australian Ballot law, specifying the particulars in which the provisions of the Ballot law were not followed; that the members of the board of education still pretend to be and are acting as such board of education of the alleged district, and will proceed to hold an election to locate a site for the school and to build a school building thereon and to issue bonds to pay for the same if not prevented, all of which acts would be illegal; that they have levied a tax on the lands of the alleged district for high school purposes and will proceed to collect the same.

At the following January term of the court, by leave the petition was amended, and as amended it further charged that the district is twelve miles east and west by twelve miles north and south; that from the southwest, the southeast and the northwest corners of the district to the center of Freeport the distances are all the same,—eleven miles,—if the section lines be followed; that the territory of the district is thickly populated; that in many instances school pupils will have to travel eleven or twelve miles to attend school if the school house is located in the center of Freeport, the center of the district, and if not so located some of them will have to travel more than twelve miles; that the highways in the district are in the main ordinary country dirt roads; that it will be impossible for pupils living near the borders of the district to reach the school house in the morning in time for school and to return to their homes in daylight while attending school in the winter season and other bad seasons of the year, and that within the meaning of section 89*a* the district is not compact and contiguous. The petition as amended was verified by the relator.

Plaintiffs in error appeared at the January term of the court and filed a motion to dismiss and to strike from the

files the original and amended informations, and in support of the motion filed the affidavits of L. A. Fulwider, R. A. Hunter and George W. Scott, county school superintendent, together with certain exhibits, including a copy of the validating act of May 10, 1921. The defendant in error filed a cross-motion to strike from the files the motion to dismiss the amended information, and also the copy of the validating act, upon the ground that the act is invalid. The parties then stipulated that the plaintiffs in error's motion to strike shall be treated in all respects as a plea of justification, and that relator's cross-motion to strike out certain parts of respondents' motion to strike shall be treated as a demurrer to that portion of the motion to strike; that a jury is waived and that the court shall hear the cause and decide it as to law and facts, and that replication is waived; that all affidavits, both for plaintiffs in error and for defendant in error, are offered in evidence and are so to be considered.

There were twenty-four affidavits of residents of the alleged district who positively stated in their affidavits that there were a number of residents in the townships of Harlem, Florence and Silver Creek who would have to travel by public dirt roads distances from six to twelve miles in order to reach Freeport, and that pupils from their homes would have to travel the same roads in going to and from the school; that said roads are common dirt roads, which become almost impassable for any mode of travel commonly used by the people of the county; that it would not be possible for such pupils to travel from their homes to a school building in Freeport by the ordinary modes of conveyance and arrive at the school building in anything like time for the beginning of school, or to return to their homes until long after dark; that during the winter in that community the weather is very severe and the roads are very bad for traveling for a considerable portion of the school term, and that traveling at all on such roads is necessarily accom-

panied by a great deal of inconvenience and discomfort.
These affiants further state that the only possible way for
the pupils living in the remote parts of the district to have
the benefits of the school located at Freeport is to board
and lodge at or near the school center during the bad sea-
sons of the year. Some of these affiants state that at cer-
tain times of the year the roads get so bad and the weather
so severe that the rural mail carriers can only deliver mail
on their routes every other day, and that there are a num-
ber of residents in the three townships of the district who
are not close to any of the cement, oiled, graveled or other
improved roads which the affiants and plaintiffs in error de-
scribe as convenient ways for traveling to and from Free-
port, and that they are not close to any of the railroads
described by such affiants as convenient ways of reaching
Freeport.

By the three affidavits and the exhibits filed by plaintiffs
in error they show very conclusively that in various parts
of the territory composing the high school district there
are a number of railroads and improved public roads of
the character aforesaid that are constructed or are in process
of construction by which great numbers of the pupils of
the district may travel to and from Freeport while attend-
ing school. In these affidavits it is stated that the territory
of the district is compact and contiguous within the mean-
ing of the act under which it was organized into a school
district, as interpreted by this court, but such statements are
mere conclusions of the affiants, supported only by their
more definite statements as to the mode of travel that many
of the pupils have by reason of railroads and public improved
roads constructed or to be constructed. These affidavits
in no manner dispute or attempt to dispute the condition
of the roads and the distances to be traveled by the con-
siderable number of pupils who cannot take advantage of
the railroads and the improved roads. In fact, the case
made by the defendant in error to the effect that the dis-

trict is not compact and contiguous in the constitutional sense is a strong one and is not at all disproved by the witnesses of plaintiffs in error. There are a number of exhibits filed by plaintiffs in error showing the distances traveled by pupils in other high school districts of the State, the modes of travel, etc., but these exhibits have no material bearing in this case, as is admitted by the attorneys in their briefs. It appears from the record, although inferentially only, that the public dirt roads complained of follow section lines, and that it is for this reason that some of the pupils will have to travel so many miles to reach the school center.

The stipulation in the record is very indefinite as to the character of the pleas in justification that we are to consider as being filed by plaintiffs in error, but we shall interpret them as the parties have interpreted them in their briefs.

It is claimed by plaintiffs in error that the validating act aforesaid is a valid act, and that by it the school district was legalized, and that it also gave the plaintiffs in error a valid title to their offices, as it legalized their election. On the other hand, defendant in error contends that the act neither legalizes the district nor has the effect to validate the election of plaintiffs in error. This court has repeatedly held the validating act valid and has settled both of the foregoing questions against the contention of defendant in error, and no good reason is offered why we should depart from the rulings in those cases. *People* v. *Benton,* 301 Ill. 32; *People* v. *Chynoweth,* 301 id. 65; *People* v. *Edvander,* 304 id. 400.

"Compact," as defined by the late decisions of this court, means concentrated, or close or near to a certain center. A school district is compact and contiguous when the territory is so closely united and so nearly adjacent to the school center that all the pupils residing in the district may conveniently travel from their homes to the school building and

return in a reasonable length of time and with a reasonable degree of comfort. (*People* v. *Young*, 301 Ill. 67; *People* v. *Kirkham*, 301 id. 45; *People* v. *Cowen*, 306 id. 330; *People* v. *Crawford*, 310 id. 205.) These decisions have now become the settled law of this State. The definition takes into consideration section 1 of article 8 of our constitution, which provides that "the General Assembly shall establish a thorough and efficient system of free schools, whereby all children of this State may receive a good common school education," and it was held in the cases just cited that that constitutional provision must enter into the definition of the word "compact" in every case where the validity of a school district is considered. The decisions on this subject may be considered as permanently establishing the law in this State that school children in ordinary health and physical condition cannot be compelled, under the constitutional provision, to board and lodge at the school center in order that they may have the benefits of our public schools, supported by public taxation of the people living therein. Parents who are compelled to board and lodge their children at the school center and pay the expense thereof from their private purses have no better school advantages for their school children than if they had no high school at all in their neighborhood, as the difference in price in attending a college or a high school at a distance of one hundred miles or more from their homes would be insignificant, and they should not, therefore, be taxed in their own neighborhood for maintaining a school that their school children cannot attend by traveling from their homes to and from the school, as has always been the custom in this State.

There is considerable argument in the briefs of plaintiffs in error to the effect that the children of relator have much better advantages in attending high school at Freeport than they would have elsewhere because of the fact that it is a very populous center and a very wealthy dis-

trict, thereby insuring light taxation, as well as other advantages. We agree with the argument that the more populous the district and the greater the wealth thereof the more efficient the high school may be and the less the burdens of taxation; but while that is true, it is nevertheless a fact that when a district is so large that those living on its outskirts are compelled to board and lodge their children at or near the school center to have the benefit of the school, it is a very great hardship on them and really an imposition. They are taxed for the same privileges that their neighbors enjoy in their home district who are near the school, and are compelled to be out an additional expense for boarding and lodging their children at the school center. Necessarily some children in every school have to travel greater distances than others, but that should be the extent of their disadvantages and the disadvantages of their parents.

The validating act cannot have the effect of validating this district against the constitutional rights of the relator, and as plaintiffs in error have failed to show that the district is compact and contiguous within the constitutional sense the judgment must be affirmed. The court held against plaintiffs in error by holding the validating act invalid, but it also held that the district is not compact and contiguous, and it is for that reason that the judgment is affirmed. The defense argued by plaintiffs in error on the doctrine of estoppel cannot be entertained, because it is clear from this record that it was not made in the court below.

*Judgment affirmed.*

Mr. JUSTICE HEARD took no part in this decision.