(No. 34952.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, *vs.* W. FRANK SUTTLES *et al.,* Appellees.

*Opinion filed January 23, 1959.*

FRANK W. CURRAN, State's Attorney, WAYNE P. DYER, and EVA L. MINER, all of Kankakee, for appellant.

VERNON G. BUTZ, and EDWIN W. SALE, both of Kankakee, for appellees.

Mr. JUSTICE HOUSE delivered the opinion of the court:

The State's Attorney of Kankakee County filed a complaint in *quo warranto* on the relation of 30 voters and taxpayers of Kankakee Valley Airport Authority against the individual commissioners of the Authority. The legality of such Authority and the right of the defendants to act as commissioners are challenged. The appeal from a judgment in favor of the defendants is properly addressed to this court since a franchise is involved.

The Authority was organized under the Airport Authority Act. (Ill. Rev. Stat. 1955, chap. 15½, par. 68.1 *et seq.*) Section 2.3 of the act (par. 68.2c) provides that the county judge shall conduct such an election, sets forth the form of ballot to be used and states that the provisions of the Election Code shall govern the election, except as otherwise provided by the Airport Authority Act.

The plaintiff's principal contention is that the ballots used at the election to organize the Authority were illegal because they bore the facsimile signature of the county judge rather than the county clerk. This contention is based upon several sections of the Election Code. Section

16—3 thereof (Ill. Rev. Stat. 1955, chap. 46, par. 16—3) provides for authentication upon the back of the ballot and the facsimile signature of the clerk or other officer who has caused the ballots to be printed. Section 16—5 thereof provides that county clerks in their respective counties shall have charge of the printing of the ballots and section 17—16 states that no ballots shall be counted unless in accordance with the Election Code.

The defendants counter with the argument: first, that the facsimile signature of no person or officer was required on the back of the ballot or, in the alternative, that under the provisions of the statutes the facsimile of the county judge was proper.

We first consider defendants' contention that a facsimile signature is not required at all since, if it is well taken, this phase of the litigation would be ended. They cite *Sanders* v. *Township of Salem,* 385 Ill. 362; *People* v. *Birdsong,* 398 Ill. 455, and *People ex rel. Lauth* v. *Wilmington Coal Co.* 402 Ill. 161, as authority for the rule that where any statute establishing special or local elections provides the form of ballot to be used, then article 16 of the Election Code has no application. The rule stated is correct, but there is an element which appears to have been overlooked. Where the form of ballot is set forth in the authorizing statute, article 16 does not apply by virtue of its own terms. It is the incorporation of the provision for application of the Election Code except as otherwise provided in the authorizing act that makes the difference. The Airport Authority Act prescribes the form of the face of the ballot and does not attempt to say how the back of the ballot shall be imprinted or authenticated. Under such circumstances the back of the official ballot must comply with the Election Code, including the use of a facsimile signature.

We now turn to the question of whether the facsimile signature of the county judge satisfied the requirement of

the Election Code. By section 2.1 of the Airport Authority Act (Ill. Rev. Stat. 1955, chap. 15½, par. 68.2a) the county judge is required to set the petition for hearing and give notice of the time and place of hearing by publication or posting. Section 2.3 (par. 68.2c) then provides for publication and posting of notice of election, sets out the form of ballot, makes provision for publication or posting of the ballot without designating the officer to carry out those requirements. However, in the sentences immediately following, it is provided that the county judge shall conduct the election and shall establish the precincts, designate the polling places, appoint the judges and clerks of election and canvass the returns.

The defendants contend that since the conduct of the election is entrusted to the county judge he is the proper person to cause the ballots to be printed. They then reason that since section 16—3 provides that the facsimile signature of the official who orders the ballots shall appear on the back of the ballot, that the facsimile signature of the county judge was properly used.

Plaintiff argues that the enumerated powers in section 2.3 relating to the planning of an election imply the exclusion of all others, including duties of a clerical nature, such as ordering the printing of ballots. Counsel further seek to invoke the doctrine of *ejusdem generis,* asserting that the powers of the county judge are limited to powers specifically conferred upon him by the Airport Authority Act.

We think the legislative intent is plain. The Airport Authority Act specifically states that an election to establish an Authority shall be conducted by the county judge. If his duties are to be confined only to those enumerated, then the general power delegated to him to conduct the election is meaningless. (See *People ex rel. School Directors* v. *Exton,* 298 Ill. 119.) Plaintiff's argument that the act discloses no intent that the county judge should be

burdened with clerical duties, such as the printing of ballots, loses its strength when it is noted that the publication (or posting in 10 places in the absence of newspaper circulation) of notice of a hearing is specifically the duty of the county judge.

The doctrine of *ejusdem generis* does not apply here. It is only a rule of construction to aid in ascertaining and giving effect to the legislative intent, and cannot be applied to defeat the evident purpose of the statute. It must yield when a contrary legislative intent is apparent. See 34 I.L.P. p. 104; *Shamel* v. *Shamel,* 3 Ill.2d 425.

We are of the opinion that the statute contemplated the procurement of ballots by the county judge. The fact that the county clerk actually had the ballots printed, and delivered them, is of little importance since the record reveals that he did so at the direction of the county judge. This authority to either procure ballots or cause them to be procured derived from the provision in the Airport Authority Act giving the county judge the general power to conduct the election. He saw fit to provide for use of his facsimile signature in the order calling the election and there was nothing improper in such use. This is not to say that under such broad "conduct" authority of the statute, he could not have legally provided in his order for use of the facsimile signature of the county clerk. Placing of a facsimile signature on the back of official ballots has historically been required in order to identify and authenticate them and thereby prevent fraud. To hold that the county judge could not provide for placing his facsimile signature on the ballots but could only direct the use of his county clerk's facsimile, would only defeat the will of the electorate without tending to prevent fraud. We do not read into the acts in question the legislative intent that the county clerk is the official whose facsimile must be used to the exclusion of the officer who must conduct the election.

Plaintiff next complains that the face only, and not the back, of the ballot was published, and that the published ballot was headed by words not prescribed by the order calling the election. The words complained of were "Specimen Ballot" followed by the information that an election would be held on a certain day and bearing the name and title of the county judge and the usual instructions to voters. The publication of the face of a ballot is required by many special statutes and serves the purpose of acquainting the voters with the ballot and the proposition contained therein. As heretofore noted, the back of the official ballot is imprinted to lessen the opportunity for fraud. The publication of the back of the ballot would have no such effect, nor would it give any information other than that an election was to be held and set out the day of election. This information is properly printed above the proposition enclosed by lines on the published face of the ballot. We are of the opinion that publishing the back of the ballot is not required and that the legislature's reason for not requiring it is obvious.

The last objections are that the court erred in refusing to allow evidence that in several precincts a judge and clerk left for lunch for one-half hour to one hour leaving two judges and two clerks on duty, and that there were no guardrails in any of the precincts. No fraud was charged or proved, and counsel admit in their brief that disregard of the election laws by those in charge of an election cannot be urged in a *quo warranto* action to vitiate an election. The guardrails provision of the statute is directory and not mandatory. We regard these objections as frivolous and unworthy of further comment.

We find no error in the judgment of the circuit court of Kankakee County and such judgment is affirmed.

*Judgment affirmed.*