(No. 11529.—Reversed and remanded.)

THE PEOPLE *ex rel.* D. H. Law, Appellee, *vs.* A. W. DIX *et al.* Appellants.

*Opinion filed October 23, 1917.*

1. APPEALS AND ERRORS—*Supreme Court must dispose of case according to law when decision is rendered.* Where a curative statute is passed, subsequent to an appeal, to remedy defects in a former statute which gave rise to the litigation, the Supreme Court is bound to dispose of the case under the statute in force when its decision is rendered and not as the law was at the time of the judgment in the circuit court.

2. CONSTITUTIONAL LAW—*curative act of 1917, relating to high schools, is valid.* The act of 1917, designed to cure defects in the organization of high schools in districts which it purports to affect, is a valid enactment. (*People* v. *Madison, ante,* p. 96, followed.)

APPEAL from the Circuit Court of Bureau county; the Hon. SAMUEL C. STOUGH, Judge, presiding.

PERRY D. TRIMBLE, (CAIRO A. TRIMBLE, and F. W. RENNICK, of counsel,) for appellants.

JOSEF T. SKINNER, State's Attorney, and J. L. SPAULDING, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

On November 3, 1916, the State's attorney of Bureau county, on the relation of D. H. Law, by leave of court filed in the circuit court of Bureau county an information in the nature of *quo warranto* against A. W. Dix and six

other persons, charging them with usurping the offices of members of the board of education of pretended High School District No. 506 and requiring them to show by what authority they exercised such offices and acted as a corporation.   Two pleas were filed by the respondents, the first of which set out in detail proceedings for the organization of a high school district under the act of 1911 and the election of the respondents under that act as a board of education.   The second plea set out the same organization and election as the first, and in addition certain facts tending to show the establishment, equipment and conduct of a high school, the levy of taxes, issue of bonds, purchase of furniture and equipment, leasing of school rooms and other acts of the respondents cf an official nature.   At the March term, 1917, a demurrer was sustained to the pleas and a judgment of ouster and for costs was entered against the respondents, and they appealed.

After the appeal was taken the General Assembly passed an act to legalize the organization of certain high school districts, which was approved by the Governor on June 14, 1917.   If this is a valid enactment its effect was to make valid the organization of the high school district.   In *People* v. *Madison,* (*ante,* p. 96,) we held that this curative act was effective to legalize the organization of the high school districts which it purported to affect.   We are bound to dispose of the case under the law in force when our decision is rendered and not as it was at the time of judgment in the circuit court.   (*Vance* v. *Rankin,* 194 Ill. 625.) We must therefore hold, in accordance with the statute, that High School District No. 506 is legally organized.

The judgment of the circuit court will be reversed and the cause remanded, with directions to overrule the demurrer to the pleas.

*Reversed and remanded, with directions.*