(Nos. 35257, 35308, and 35391 Cons.—

Illinois Chiropractic Society *et al.*, Appellees, *vs.* J. A. Giello, Appellant.—Illinois Chiropractic Society *et al.*, Appellees, *vs.* Fred Odum *et al.*, Appellants.— John R. Wasem *et al.*, Appellees, *vs.* W. D. Krieger, Appellant.

*Opinion filed January 22, 1960.*

BAIRD, LATENDRESSE & JONES, of Decatur, (LLOYD F. LATENDRESSE, and DONALD A. JONES, of counsel,) for appellants in Nos. 35257 and No. 35391, and HAROLD N. LINGLE, of Anna, for appellants in No. 35308.

MILLS, McDOWELL & BRANDVIK, of Chicago, for appellees in No. 35257, and R. W. DEFFENBAUGH, of Springfield, for appellees in Nos. 35308 and 35391.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

The Illinois Chiropractic Society, together with certain individual licensed chiropractors, brought suit in the circuit court of Cook County seeking to enjoin J. A. Giello from practicing chiropractic without a license and in violation of the Medical Practice Act. A similar suit was brought in the circuit court of Union County against Fred Odum and Don Odum, and in the circuit court of Macon County

against W. D. Krieger. An injunction was granted in each case, and appeals have been taken directly to this court on the ground that constitutional questions are involved. It is contended on each appeal that injunctive relief is improper because plaintiffs have an adequate remedy at law; and that the statute is unreasonable and discriminatory, in its educational requirements, against persons seeking a license to treat human ailments without drugs or operative surgery. Since all three cases present substantially the same questions they have been consolidated for disposition by this court.

The contention that the plaintiffs have an adequate remedy at law, and hence that injunctive relief should not have been granted, is based upon the fact that the statute provides criminal penalties for practicing without a license and no showing has been made that criminal prosecution is an inadequate remedy. In *Burden* v. *Hoover,* 9 Ill. 2d 114, this court held that the practice of chiropractic by one not licensed to do so infringes the rights of those who are properly licensed, and that injunctive relief may be granted even though the conduct objected to is also a crime. A contention identical to the one made in these cases was again rejected in *Illinois Chiropractic Society* v. *Berns,* 17 Ill. 2d 356, and no reasons have been advanced which would justify a reconsideration of the question here.

In the *Berns case* the constitutional questions were likewise decided adversely to contentions of the kind made here. As in the *Berns case,* the objections now raised are directed at section 5(2)(b) of the Medical Practice Act. (Ill. Rev. Stat. 1957, chap. 91, par. 5.) In prescribing educational requirements for issuance of a license under the act, section 5 distinguishes between the practice of medicine in all its branches and the practice of treating human ailments without the use of drugs or operative surgery. Subparagraph 2 applies to the latter class, which includes chiropractors; and subparagraph 2(b) requires,

as to applicants who were graduates of a professional school after July 1, 1926, that they be graduates of a school having an entrance prerequisite of four years' instruction in a high school. It is argued that this requirement is arbitrary and unreasonable; that an unjust discrimination is made because applicants for an unlimited license to practice medicine need only be a graduate of a medical college having as a prerequisite for admission a two-year course of instruction in a college of liberal arts or its equivalent; and that further unlawful discrimination exists, in educational requirements, as between applicants graduated after July 1, 1926, and those graduated prior thereto. It is also urged that persons seeking a limited license are prejudiced because "there are no chiropractors on the Medical Examining Board." We have considered each of the contentions raised in these cases, and the arguments advanced to support them, and find they are fully answered by our opinion in the *Berns case.* It is unnecessary to set forth again the reasons and authorities sustaining validity of the present provisions.

At the oral argument in these cases defendants claimed the benefit of Senate Bill 782, enacted by the General Assembly at the 1959 session and approved by the Governor on July 9, 1959, subsequent to entry of the present decrees. The bill amends the Medical Practice Act by adding thereto section 9a. (Ill. Rev. Stat. 1959, chap. 91, par. 9a.) This section provides that the requirements of section 5, insofar as they relate to the minimum standards of professional education for persons undertaking to practice chiropractic, shall be waived where an applicant, having the educational qualifications described in section 9a, successfully passes an examination given by the Department of Registration and Education on or before July 1, 1963. The section further declares that to be eligible for its benefits a person shall register with the Department on or before October 31, 1959, submit proof that he has been a resident of the

State of Illinois for at least one year immediately prior to July 1, 1959, and certify that he desires to avail himself of the provisions of the act. It is then provided that "Any such applicant shall not be subject to prosecution for failure to have a license under the provisions of the Medical Practice Act during the period covered by this Section, provided that nothing herein shall be deemed to affect any suit pending in any Court on the effective date of this amendatory Act."

At the time the decrees were entered in these cases the circuit courts properly held that the plaintiffs were entitled to immediate injunctive relief. The rule is well established, however, that where the legislature has changed the law pending an appeal the case must be disposed of by the reviewing court under the law as it then exists, and not as it was when the decision was made by the trial court. (*Fallon* v. *Illinois Commerce Com.,* 402 Ill. 516; *People ex rel. Hanks* v. *Benton,* 301 Ill. 32; *People ex rel. Askew* v. *Ryan,* 281 Ill. 231; *People ex rel. Law* v. *Dix,* 280 Ill. 158.) We are bound, accordingly, to review the present decrees in the light of the 1959 amendment, to determine whether defendants may be entitled to the benefits thereof and to determine its applicability to the present proceedings.

By section 9a the General Assembly has recognized the hardship to chiropractors who are ineligible to take the examination for a license solely because the professional school or college from which they were graduated failed to meet the standards prescribed by section 5. The evident purpose of the amendment is to afford an opportunity to take the examination, during a limited time, to graduates of such institutions who indicate a desire to comply with the act and who supplement their education, if necessary, by additional hours of instruction in a school of chiropractic recognized by the Department. Under its provisions a graduate of a school having a three years' course of in-

struction of not less than six months each is permitted, until October 31, 1960, to take the regular examination; and if he fails to pass, he must show completion of a course of not less than 960 hours in a recognized school before admission to any subsequent examination. A graduate of a school having a four years' course of instruction of not less than eight months each, but not recognized before September 1, 1957, by the Department of Registration and Education, is also given until October 31, 1960, to take the regular examination; and upon failure to pass he must show completion of not less than 240 hours in a recognized school before he may be admitted to any subsequent examination. All examinations under this section must be taken and completed on or before July 1, 1963.

In their supplemental brief filed herein by leave of this court after oral arguments were had, plaintiffs contend the section has no application because it purports to relieve applicants from criminal prosecutions only, and fails to provide similar relief from civil proceedings. We do not agree. Injunctive relief is based upon the fact that the practice of chiropractic by an unqualified person constitutes an injury to the public and infringes the rights of those who are properly licensed. (*Burden* v. *Hoover*, 9 Ill. 2d 114.) By providing that applicants meeting the requirements designated in section 9a shall not be subject to prosecution for failure to have a license during the period covered by the section, the legislature has declared them temporarily qualified and has removed the basis upon which injunctive relief is appropriate. The legislature is presumed to have investigated the question for itself in ascertaining what is sufficient for the good of the profession and for the public.

Plaintiffs' principal argument is that the injunctions must be issued forthwith because the section specifically provides that "nothing herein shall be deemed to affect any suit pending in any Court on the effective date of this

amendatory Act." It is urged that the legislature had actual knowledge that the cases at bar were pending, and that by agreement between the Illinois` Chiropractic Society and the Prairie State Chiropractic Association, to which defendants belong, the pending cases at bar were specifically pointed to and were the basis for the savings clause being placed in the law.

The primary object in construing a statute is to ascertain and give effect to the intention of the legislature. In applying this rule, however, the courts cannot consider statements made by those interested in passage of the law. (*People ex rel. Brenza* v. *Gebbie,* 5 Ill. 2d 565; *People ex rel. Dwight* v. *Chicago Railways Co.,* 270 Ill. 87.) The statute itself affords the best means of its exposition, and the legislative intent must be determined from the language used. An amendment is to be construed together with the original act to which it relates (*People ex rel. Brenza* v. *Gebbie,* 5 Ill. 2d 565); and when section 9a is so read we think the proviso or savings clause can reasonably refer only to criminal cases. The provision immediately preceding the proviso relates only to prosecutions for failure to have a license. A proviso is intended to qualify what is affirmed in the body of the act, section or paragraph preceding it (*State Public Utilities Com.* v. *Early,* 285 Ill. 469); and there is nothing in the context of the act which deals with civil proceedings or remedies. Moreover, a construction of the proviso which limits its application to criminal cases would be reasonable, since such a proceeding is one to impose a penalty for an act illegal when committed, but no valid purpose is discernible for permitting private individuals to continue injunction suits to restrain conduct which has become lawful. Courts are bound to presume that absurd consequences were not contemplated by the legislature, and a construction should be adopted which it is reasonable to presume was contemplated. (*Board of Education* v. *Brittin,* 11 Ill. 2d 411.) We con-

clude that the proviso does not preclude the present defendants from claiming the benefits to which they may be entitled under the provisions of section 9a.

As we have hereinbefore indicated, the propriety of the present injunctions must be decided under the law in force at this time; and those of the defendants who are eligible for the benefits of section 9a should rightly be entitled to seek them, in accordance with the purpose of the law, without impairment of their means of livelihood in the interim. Since the trial courts followed the law as it existed at the time the cases were decided, the decrees are correct as to costs in each case and also as to any defendant who has not subsequently registered in accordance with section 9a and become eligible for the benefits thereof. As to any defendant who has completed a timely registration and otherwise shown eligibility under section 9a, the injunction should be modified so as to make it effective as of July 2, 1963, in the event defendant then remains unlicensed.

The decrees herein are accordingly affirmed, and the causes are remanded for further proceedings, with directions to modify any decree, where appropriate, in accordance with the views herein expressed.

*Affirmed and remanded, with directions.*