EDWARD GRAY et al., Plaintiffs-Appellees, v. THE CITY OF PLANO, Defendant and Cross-Plaintiff-Appellant (Bruce Finstrom, Cross-Defendant-Appellee).

Second District   No. 2—84—1164

Opinion filed March 14, 1986.

576

Bernard K. Weiler, Donald L. Puckett, and Tris Michels Baker, all of Puckett, Barnett, Larson, Mickey, Wilson & Ochsenschlager, and William H. Wake, of Wake & Bowman, both of Aurora, for appellant.

Jon Yambert and George P. Lindner, both of Lindner, Speers & Reuland, P.C., of Aurora, for appellees.

JUSTICE UNVERZAGT delivered the opinion of the court:

Defendant, the city of Plano, appeals from the judgment entered in the circuit court of Kendall County in favor of plaintiffs, Edward Gray and Bruce Finstrom. Plaintiffs filed this action seeking to recover for injuries sustained in an automobile accident which took place at approximately 2:30 a.m. on May 21, 1981. According to the evidence presented at trial, plaintiffs were traveling in an easterly direction on Lee Street in Plano. Finstrom was driving; Gray was in the back seat, and another passenger—not a party to this action—was riding in the front seat next to Finstrom. Although there was conflicting evidence concerning whether the speed limit on Lee Street was 25 or 30 miles per hour, it was not disputed that Finstrom was driving at least 35 miles per hour at the time of the accident. The accident occurred when Finstrom lost control of the automobile while rounding a curve. The car left the road and struck a large tree, causing serious injuries to both plaintiffs. Finstrom testified that he did not see the sign warning of the curve, which was located approximately 100 feet west of the point where the road began to curve. In this regard, plaintiffs introduced evidence that the curve sign was obscured by tree branches on the night of the incident.

The jury found for the plaintiffs, awarding Gray $221,000 and Finstrom $185,000. Finstrom's damages, however, were reduced to $64,750 after the jury found that he was 65% negligent in causing the accident. (Gray's award was subsequently reduced by $48,000 representing the amount he received in settlement of his separate action against Finstrom.) See Ill. Rev. Stat. 1983, ch. 70, par. 302(c).

Defendant raises numerous arguments for overturning the judgment entered by the trial court. The dispositive issue in our opinion is whether plaintiffs' amended complaint states a cause of action.

Defendant contends that plaintiffs' amended complaint should have been dismissed on the ground that it failed to allege sufficient facts to state a cause of action. We agree.

Plaintiffs filed their amended complaint, consisting of two counts, on June 4, 1982. Count I purported to set forth a cause of action by Gray. The only allegations against defendant appear in paragraph 6, which provides:

"That the Defendant had a duty not to injury [sic] the Plaintiff but that, wholly not withstanding that duty, it negligently

committed one or more of the following acts or omissions:

A. Failed to place a proper 'curve ahead' sign prior to the curve immediately adjacent to the place of the collision;

B. Failed to properly maintain a 'curve ahead' sign which was in place at the time of the occurrence."

Count II purported to state a cause of action by Finstrom and contained the same allegations as appear in count I.

On August 3, 1982, defendant filed a motion to dismiss the complaint, arguing, *inter alia,* that the allegations consisted of conclusions and opinions and that they "[did] not sufficiently inform the Defendant of Plaintiffs' cause of action." The trial court denied the motion. The case was subsequently assigned to another judge and set for trial on September 12, 1984. On the day of trial, defendant renewed its motion to dismiss. It contended that the amended complaint contained only conclusions and failed to allege any specific facts. Defendant informed the court, without objection from counsel for plaintiffs, that its original motion to dismiss was denied "basically because it was at the start of the case." Defendant argued that "we are now faced with jury selection and with opening statements in trial and we still don't know, as far as I'm concerned, their Complaint. It [was] error of the Court to deny my motion to begin with. It is very prejudicial and extreme error to force us to go to trial with the Complaint in the condition it is in now." The trial court then inquired whether anyone had previously ruled on the motion. After the defendant again explained that its original motion to dismiss was denied primarily because it came at the beginning of the case, the trial court denied defendant's motion without comment.

■ In order to state a cause of action, a complaint must contain facts and not merely conclusions. (*Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 426; *Ritchey v. Maksin* (1978), 71 Ill. 2d 470, 474-75; *People ex rel. Kucharski v. Loop Mortgage Co.* (1969), 43 Ill. 2d 150, 152; *Martin v. Federal Life Insurance Co.* (1982), 109 Ill. App. 3d 596, 608; *Davis v. Thompson* (1979), 79 Ill. App. 3d 613, 616. See also Ill. Rev. Stat. 1983, ch. 110, par. 2—601.) Notice pleading, which is permitted in Federal courts, is not sufficient. (*Pelham v. Griesheimer* (1982), 92 Ill. 2d 13, 17.) Although pleadings are to be liberally construed with the aim of doing substantial justice between the parties (Ill. Rev. Stat. 1983, ch. 110, par. 2—603(c)), this rule does not relieve a plaintiff from including sufficient factual averments in his or her complaint. (*People ex rel. Kucharski v. Loop Mortgage Co.* (1969), 43 Ill. 2d 150, 152; *Fanning v. LeMay* (1967), 38 Ill. 2d 209, 211.) A complaint will be deemed sufficient if the alle-

gations contained therein "reasonably inform the defendants by *factually* setting forth the elements necessary to state a cause of action." (Emphasis added.) (*People ex rel. Scott v. College Hills Corp.* (1982), 91 Ill. 2d 138, 145.) Where, however, the complaint contains conclusions unsupported by sufficient facts, it must be dismissed "regardless of how many conclusions the [complaint] may contain and regardless of whether or not they inform the defendant in a general way of the nature of the claim against him." *Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 426.

■ Applying these principles to the case at bar, it is clear that the trial court erred in denying defendant's motion to dismiss. Plaintiffs' amended complaint contains only broad conclusions that the defendant owed a duty to plaintiffs and that it breached that duty in failing to place a proper curve sign adjacent to the curve and in failing to properly maintain the curve sign that was in place. The complaint is completely devoid of any supporting factual averments.

■ Plaintiffs do not directly address defendant's claim that the amended complaint fails to allege any specific facts. Rather, they argue that defendant's original motion to dismiss, filed some two years prior to the start of trial, contained only conclusions and did not specifically point out the defects in their amended complaint. This argument is completely without merit. In its original motion, defendant quoted the relevant paragraphs of plaintiffs' pleading and asserted that they contained only conclusions and opinions and that they did not sufficiently inform it of plaintiffs' cause of action. Moreover, when defendant renewed its motion on the morning of trial, it argued that the amended complaint failed to allege any specific facts.

■ Plaintiffs insist that defendant was not prejudiced because it had over two years to conduct discovery. Whether defendant had a full and fair opportunity to conduct discovery is irrelevant. Plaintiffs were required, through their amended complaint, to provide defendant with sufficient factual information indicating the character of the evidence to be introduced and the issues to be tried. (See *Van Dekerkhov v. City of Herrin* (1972), 51 Ill. 2d 374, 376.) The objective of pleadings, after all, is to define and narrow the issues and to limit the proof needed at trial. (*Pelham v. Griesheimer* (1982), 92 Ill. 2d 13, 17; *People ex rel. Fahner v. Carriage Way West, Inc.* (1981), 88 Ill. 2d 300, 307.) Considering what occurred at trial, it is clear that this objective was not attained.

The record reveals that during the course of the trial, defendant repeatedly objected to the introduction of evidence which did not comply with the allegations in plaintiffs' amended complaint and

which introduced new theories into the case. For instance, Supreme Court Rule 133(a) provides that where one seeks to establish a breach of a statutory duty, the statute must be cited in the complaint. (87 Ill. 2d R. 133(a).) Here, plaintiffs' amended complaint alleges a breach of a common law duty on defendant's part in its failure to place a proper curve sign near the curve in question and in its failure to properly maintain the curve sign that was in place. Yet plaintiffs' attorney was permitted, over defendant's objection, to read to the jury sections 11—301 and 11—304 of the Illinois Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, pars. 11—301, 11—304). Section 11—301 requires the Illinois Department of Transportation to adopt a State manual and specifications for a uniform system of traffic control devices. Section 11—304 essentially requires local authorities to erect and maintain traffic control devices in accordance with the provisions contained in the State manual. Plaintiffs then called Dr. John Barewald, a traffic engineer, who testified extensively concerning the requirements contained in the Illinois Manual on Uniform Traffic Control Devices, a manual which plaintiffs' attorney had told the jury in his opening remarks defendant "was bound by statute to follow." Barewald stated that the curve where the accident occurred was "very inadequately marked" according to the provisions contained in the manual. Because of its sharpness, Barewald testified that the curve should have been posted with a turn sign rather than a curve sign, that an advisory speed sign of 20 miles per hour should have been placed below the turn sign, and that the curve should have been marked with chevron signs.

Plaintiffs also sought to establish—as indicated by the admission of plaintiffs' attorney at a sidebar conference—that the curve was dangerous in and of itself. Plaintiffs introduced evidence regarding the extreme radius of the curve, the "lack of superelevation" (*i.e.,* banking) and the acceptable safe speed at which the curve could be negotiated. Although there was no allegation in plaintiffs' amended complaint that the curve was dangerous, plaintiffs were permitted, again over defendant's objection, to call a witness for the purpose of establishing that defendant had constructive notice of the curve's dangerous condition.

As the foregoing examples illustrate, not only did plaintiffs' amended complaint fail to inform defendant of the nature of plaintiffs' cause of action, but there was a substantial variance between plaintiffs' allegations and the evidence presented at trial. Plaintiffs contend that any deficiency in their pleading was remedied when the trial court allowed them to amend their complaint, pursuant to sec-

tion 2—616(c) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—616(c)), to conform to the proof. The record discloses that at the conclusion of their case-in-chief, plaintiffs were permitted, over defendant's objection, to file a second amended complaint, the pertinent portion of which states as follows:

> "6. That the Defendant had a duty not to injure the Plaintiff but that wholly notwithstanding that duty, it negligently committed one or more of the following acts or omissions:
>
> turn
>
> A. Failed to place a proper '~~curve ahead~~' sign prior to the curve immediately adjacent to the place of the collision in question;
>
> B. Failed to properly maintain a 'curve ahead' sign which was in place at the time of the occurrence;
>
> C. Failed to provide an 'advisory speed sign' below a curve sign prior to the curve in question when such a sign was necessary to warn of a condition which endangered the safe movement of traffic when the Defendant knew or reasonably should have known that the subject curve was not safe for 30 m.p.h. traffic;
>
> D. Failed to properly delineate the curve in question by erecting and maintaining chevron signs when such markings were necessary to warn of a condition which endangered the safe movement of traffic when the Defendant knew or reasonably should have known that the subject curve was not safe for 30 m.p.h. traffic;
>
> E. Failed to properly maintain a speed limit sign which had been previously placed on Lee Street approximately 900 feet west of the subject intersection, and, in fact, allowed the same to fall down or be removed, when Defendant knew or should have known that a speed limit sign was necessary for the safe movement of traffic around the subject curve."

[redacted] Plaintiffs reliance on section 2—616(c) is misplaced. As indicated earlier, plaintiffs' original pleading contained only conclusions without any supporting factual averments. The complaint therefore should have been dismissed. Plaintiffs cannot rely on a provision permitting pleadings to be amended to conform to the proof presented at trial when the case should never have gone to trial in the first place. Moreover, even assuming that the allegations in the second amended complaint are sufficient to state a cause of action, all of the additional matters which plaintiffs included in that complaint

were known to plaintiffs when they filed their original pleading. As this court said in *Blazina v. Blazina* (1976), 42 Ill. App. 3d 159, 165:

> "Once a trial has begun *** an amendment should not ordinarily be permitted to set up matters of which the pleader had full knowledge at the time of interposing the original pleading and no excuse is presented for not putting its substance in the original pleading. [Citations.] This is particularly true where the amendment is prejudicial or would alter the nature and quality of proof required to defend."

(See also *Lake County Forest Preserve District v. Frecska* (1980), 85 Ill. App. 3d 610, 617; *Farnor v. Irmco Corp.* (1979), 73 Ill. App. 3d 851, 858.) Here, plaintiffs have not offered any explanation as to why they did not include the additional allegations in their original pleading.

■ Finally, it must be noted that plaintiffs' second amended complaint contains no reference to the Illinois Vehicle Code or the Illinois Manual on Uniform Traffic Control Devices. Thus, we are left with a situation—as shown by the evidence presented at trial and the jury's verdict—of defendant having been found to have failed to comply with certain rules and regulations the violation of which was never alleged by plaintiffs. In *Ambroiggio v. Board of Education* (1981), 101 Ill. App. 3d 187, this court held that because the issues are framed by the pleadings, "a party may not prevail where the proof does not follow the allegations made therein. [Citations.] '[T]o have evidence without pleading an issue is as fatal as pleading an issue and not supporting it with evidence.' " 101 Ill. App. 3d 187, 190.

For the foregoing reasons, we reverse the judgment entered by the circuit court of Kendall County upon the jury's verdict and remand the cause for a new trial.

Reversed and remanded.

LINDBERG and STROUSE, JJ., concur.