RUSSELL H. LANKTON CONSTRUCTION COMPANY, Plaintiff-Appellant, v. ANTHONY T. LaHOOD, Defendant-Appellee.

Third District   No. 3—85—0118

Opinion filed May 27, 1986.

Phillip B. Lenzini and Thomas L. Perkins, both of Kavanagh, Scully, Sudow, White & Frederick, P.C., of Peoria, for appellant.

Daniel L. Johns, of Westervelt, Johnson, Nicoll & Keller, of Peoria, for appellee.

JUSTICE SCOTT delivered the opinion of the court:

The plaintiff, Russell H. Lankton Construction Company, contracted with the defendant, Anthony T. LaHood, to supply and install heating, ventilating and air conditioning units in a building owned by LaHood. The contract provided that disputes between the parties be submitted for arbitration to the Construction Industry Arbitration Tribunal.

A dispute arose as to payment for and completion of work and the same was submitted for arbitration. On February 18, 1983, an arbitra-

tion award was issued which, *inter alia,* provided that plaintiff would be entitled to payment in full from the defendant LaHood in the sum of $47,098.25 within 15 calendar days from date of the issuance of a final certificate of payment by the architect. It is clear from the arbitrator's award that certain replacement or corrective work was to be performed by the plaintiff and if done to the satisfaction of the architect the certificate of payment would or should be issued.

On May 9, 1984, the plaintiff filed in court a pleading entitled "Complaint for Judgment on Award." The defendant filed a motion for involuntary dismissal pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—619). This motion alleged in part that the arbitrator's award required as a precondition of payment that the architect's final certificate of payment be issued. The plaintiff has never controverted the assertion that such certificate of payment has not been issued by the architect. Following hearing on the involuntary dismissal motion of defendant the trial court on August 30, 1984, dismissed the complaint with prejudice. After the denial of post-trial motions filed by the plaintiff Lankton this appeal ensued.

■ Plaintiff Lankton raises several issues, the first being that the trial court erroneously characterized his complaint for judgment on the arbitration award as an application to modify the award. It should be noted that the trial court's order of dismissal in no way characterized the plaintiff's complaint. To agree with the plaintiff that the trial court characterized his complaint as an application to modify the award would be an exercise in pure speculation and conjecture. Assuming that the trial court did characterize plaintiff's complaint as an application for modification rather than confirmation of an arbitrator's award, the trial court's dismissal of the complaint was proper since the complaint was not timely filed. An application to vacate or modify an arbitrator's award must be filed within 90 days of the delivery of the award to the applicant. (Ill. Rev. Stat. 1983, ch. 10, pars. 112, 113.) The arbitration award in the instant case was dated February 18, 1983, and plaintiff's complaint was not filed until May 9, 1984. The trial court's characterization of the complaint is immaterial since the standard of review for this court is whether the action or ruling of the trial court was based on proper grounds or reasons. See *Harrison v. Kamp* (1946), 395 Ill. 11, 69 N.E.2d 261.

A determination of whether the trial court's action was proper leads us to the issue which is the crux of this appeal, namely, whether the trial court erred in dismissing the complaint with prejudice. It is apparent from a general reading of the record that the court and the parties treated the plaintiff's complaint and the prayer for relief con-

tained in it as being founded under the Uniform Arbitration Act (Ill. Rev. Stat. 1983, ch. 10, par. 101 *et seq.*). The parties agreed to arbitration, and an arbitration award was made. The award determined what monetary sum plaintiff should be paid after performing further work but payment was contingent upon the issuance of a certificate of payment by the architect. There is nothing mysterious or rare when payment is predicated upon certification of approval by an architect. Even where arbitration was not involved our courts applied a common law breach of contract theory in cases where payment was predicated upon the approval or direction of an architect. In such cases the party seeking compensation is required to plead and prove that an architect's certificate of approval for final payment has been issued. See *Vincent v. Stiles* (1897), 77 Ill. App. 200.

Under Illinois law a case should not be dismissed with prejudice on the pleadings if plaintiff by amendment can state a cause of action. The plaintiff tried to file an amended complaint but failed because his motion to file it was not timely. The motion to file the amended complaint was filed on November 13, 1984, subsequent to the time of the plaintiff's timely filed post-trial motion. However, the allegations in plaintiff's proposed amended complaint shed considerable light on his dilemma. In the document plaintiff acknowledges that final certificate of payment had not been issued, that he attempted to enter into further arbitration but defendant refused, and that the architect was unreasonably withholding the final certificate of payment. The trial court had no alternative but to dismiss plaintiff's complaint with prejudice since plaintiff had not alleged or proved a requisite precondition of payment, to wit, that a final certificate of payment had been issued.

■ The defendant in his brief volunteers the suggestion that plaintiff should have requested the trial court to compel arbitration pursuant to section 2 of the Uniform Arbitration Act (Ill. Rev. Stat. 1983, ch. 10, par. 102). This the plaintiff did not do. Since no issue was raised in this appeal regarding section 2, we make no observation or determination concerning the efficacy of proceeding under said section. However, we do not intend our decision here to bar the collection of the amount ultimately found due under the award.

For the reasons set forth the order of the circuit court of Tazewell County dismissing plaintiff's pleading entitled "Complaint for Judgment on Award" is affirmed.

Affirmed.

BARRY and STOUDER, JJ., concur.