WILLIAM R. SPICER, Plaintiff-Appellant, v. THE CITY OF CHICAGO *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 85—3046

Opinion filed November 5, 1986.

Feiwell, Galper, Lasky & Berger, Ltd., of Chicago (George S. Feiwell, William J. Judge, and James B. Ford, of counsel), for appellant.

Judson Miner, Acting Corporation Counsel, of Chicago (Mary K. Rochford and Jennifer A. Keller, Assistant Corporation Counsel, of counsel), for appellees.

JUSTICE SCARIANO delivered the opinion of the court:

Plaintiff, William R. Spicer, appeals from the circuit court's decision to deny his request for the issuance of a temporary restraining order and other injunctive relief and from its concomitant decision to allow defendants' motion to dismiss plaintiff's complaint pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619).

On November 16, 1983, the mayor appointed plaintiff the acting city purchasing agent and plaintiff assumed that position. On March 30, 1984, the mayor forwarded plaintiff's name to the city council for confirmation as city purchasing agent pursuant to section 8—10—15 of the "Municipal purchasing act for cities of 500,000 or more population" (Ill. Rev. Stat. 1985, ch. 24, par. 8—10—15).[1] On September 1, 1985, the mayor removed Spicer as acting city purchasing agent.

On September 5, 1985, the mayor sent a letter to the finance committee, formally notifying that body that the "appointment" of plaintiff had been rescinded and Spicer's name withdrawn from consider-

---

[1]City of Chicago Ordinance ch. 26, sec. 26—1 (1984), expressly incorporates the terms of Ill. Rev. Stat. 1985, ch. 24, par. 8—10—15.

ation. A second letter to the same effect was submitted to the city council on September 11, 1985, at a regular meeting of the council. Toward the end of that meeting, the council acted on the mayor's submission of March 30, 1984, and approved plaintiff as purchasing agent for the city of Chicago. The following day, the mayor vetoed the council's action, calling it a "nullity" in view of his earlier rescission of the Spicer nomination.

On September 13, 1985, plaintiff initiated the instant proceedings, seeking reinstatement to his position as city purchasing agent, ouster of a successor purchasing agent, and to enjoin any further interference with his own continued execution of the duties of purchasing agent. On September 17, 1985, plaintiff supplemented his initial pleadings with a motion seeking the issuance of a temporary restraining order, claiming this was necessary to relieve him from alleged interference with the performance of his duties. On the same date, defendants responded to the original complaint by moving to dismiss. The dismissal was filed pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619). After hearing argument on these matters, the circuit court denied plaintiff any relief, instead granting defendants' motion to dismiss with prejudice. The court reaffirmed that decision later the same day when, after granting plaintiff leave to file an amended complaint, the court again dismissed the amended complaint with prejudice under section 2—619. This appeal followed.

I

The purchasing agent "shall be appointed by the Mayor by and with the consent of the corporate authorities of the municipality. The purchasing agent shall hold office for a term of 4 years and until his successor is appointed and qualified." Ill. Rev. Stat. 1985, ch. 24, par. 8—10—15.

In the exercise of this statutory authority, the mayor transmitted a communication to the city council, at a meeting held on March 30, 1984, stating:

> "I have appointed William R. Spicer as Purchasing Agent of the City of Chicago for the term ending December 31, 1987, and respectfully request your approval of this appointment."

No issue has been raised regarding the fact that the appointment would be for less than "a term of 4 years and until his successor is appointed and qualified" as specified in the statute. The communication was referred to the city council committee on finance.

At a council meeting held on September 11, 1985, the mayor

transmitted another communication to that body which stated:

"I hereby withdraw the nomination of William R. Spicer as Purchasing Agent of the City of Chicago, submitted to you on March 30, 1984."

Pursuant to Rule 3 of the rules of order and procedure of the city council, the second order of business to be considered by that body was "[R]eports and communications from the Mayor and other City officers." At that point, the city clerk read the September 11, 1985, communication. The record does not reveal that any member of the council raised a point of order challenging the propriety of the communication or the authority of the mayor.

■ The withdrawal of the Spicer appointment at this meeting of the council, without any challenge or objection by any member of the council, effectively terminated further consideration of the matter.

The September 11, 1985, meeting continued, following the normal order of business according to the rules. When "Miscellaneous Business," the eighth order of business under council rules was reached, a member of the council moved to discharge the committee on finance from further consideration of the mayor's March 30, 1984, communication, which was pending in that committee. The motion carried. The full council then purportedly considered the March 30, 1984, communication and consented to the appointment of Spicer as purchasing agent.

Obviously, this council action was a nullity because the alleged Spicer appointment was no longer before the body. The propriety or authority of the mayor's veto of a council action consenting to an appointment is not before us, so there is no need to consider that point. However, in this case, since there was nothing for the mayor to veto, the veto itself was also a nullity.

The only position that Spicer ever achieved was that of "Acting Purchasing Agent." It is undisputed that in that capacity he served at the pleasure of the mayor. Spicer did not acquire any vested right to that position. The unilateral act of the mayor was sufficient to terminate Spicer.

II

All the litigants acknowledge that the instant case falls within the ambit of the "Municipal purchasing act for cities of 500,000 or more population" (Act) (Ill. Rev. Stat. 1985, ch. 24, par. 8—10—1 *et seq.*). That Act provides, *inter alia*:

"In all municipalities within the purview of this Division 10, there shall be a purchasing agent who shall be appointed by the

mayor by and with the consent of the corporate authorities of the municipality. The purchasing agent shall hold office for a term of 4 years and until his successor is appointed and qualified. Such purchasing agent may be removed from office for cause after public hearing before the corporate authorities at which hearing the purchasing agent with counsel shall be entitled to be heard. *** In making the appointment of the purchasing agent, the mayor and corporate authorities shall give due consideration to the executive experience and ability required for the proper and effective discharge of the duties of the office ***." Ill. Rev. Stat. 1985, ch. 24, par. 8—10—15.

The dispute herein focuses upon the construction to be given to the pertinent portions of the above-quoted paragraph. Spicer maintains that he became the city purchasing agent when the mayor submitted his name to the city council on March 30, 1984. His appointment having thus been completed, he can only be "removed from office for cause after public hearing before the corporate authorities." (Ill. Rev. Stat. 1985, ch. 24, par. 8—10—15.) We disagree.

■■■ The function of the courts, when interpreting a statute, is to ascertain and give effect to the intent of the legislature. (*Dornfeld v. Julian* (1984), 104 Ill. 2d 261, 266, 472 N.E.2d 431.) The courts will avoid any construction of a statute which would render a portion of that statute meaningless or void. (*People v. Tarlton* (1982), 91 Ill. 2d 1, 5, 434 N.E.2d 1110.) Moreover, where the same word or phrase appears in several places within a statute, that word or phrase is given a generally accepted and consistent meaning unless legislative intent to the contrary is clearly expressed. (*Borg v. Village of Schiller Park Police Pension Board* (1982), 111 Ill. App. 3d 653, 656, 444 N.E.2d 631, *aff'd* (1984), 99 Ill. 2d 376, 459 N.E.2d 951.) While the statute herein does not define the term "appointment," the meaning of the term may be gleaned from its context. The statute provides initially that the purchasing agent "shall be appointed by the mayor by and with the consent of the corporate authorities." (Ill. Rev. Stat. 1985, ch. 24, par. 8—10—15.) Later, the statute provides that "in making the appointment of the purchasing agent, *the mayor and corporate authorities* shall give due consideration to the executive experience and ability required for [the position]." (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 24, par. 8—10—15.) Implicit in this latter clause is the legislature's determination that the appointment is made jointly by both the mayor and the city council. Any other construction would render the requirement that the council consider certain specified factors in "making the appointment" meaningless.

Our conclusion that appointment is a two-tiered process under the statute is confirmed by other considerations. It is also well recognized that courts should not construe statutes in such a manner as to yield absurd or unjust results. (*People v. Steppan* (1985), 105 Ill. 2d 310, 473 N.E.2d 1300; *Illinois Chiropractic Society v. Giello* (1960), 18 Ill. 2d 306, 164 N.E.2d 47.) In our view, Spicer's interpretation would require that the city council act to hold removal hearings on an individual that it had not yet confirmed. We cannot adopt an interpretation of the statute so obviously at odds with the intent of the legislature.

In *Molnar v. City of Aurora* (1976), 38 Ill. App. 3d 580, 583, 348 N.E.2d 262, the court said "that an appointment to office is made and is complete when the last act required of the appointing authority vested with the appointing power has been performed." After the mayor's submission of March 30, 1984, the "last act required of the appointing authority" was "the consent of the corporate authorities of the municipality." (Ill. Rev. Stat. 1985, ch. 24, par. 8—10—15.) This event never occurred. Spicer never became the city purchasing agent.

For the reasons stated in this opinion, we conclude that the orders of the circuit court denying plaintiff's motion for a temporary restraining order and dismissing plaintiff's complaint and amended complaint, with prejudice, were correct. Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

BILANDIC, P.J., and STAMOS, J., concur.