DENNIS HARRIS, Plaintiff-Appellant, v. WILLIAM C. "BUD" JOHN-SON, Defendant-Appellee.

Second District   No. 2—90—1326

Opinion filed September 11, 1991.

Michael S. Baird and Anna C. Stotis, both of Stotis, Chionis, Craven & Baird, of Chicago, for appellant.

Norma J. Guess, of Moss & Bloomberg, Ltd., of Bolingbrook, for appellee.

JUSTICE INGLIS delivered the opinion of the court:

Plaintiff, Dennis Harris, appeals the order of the circuit court dismissing his amended complaint against defendant, William C. "Bud" Johnson, the mayor of the City of Plano. The issues on appeal are whether the complaint adequately states a cause of action for defendant's alleged breach of a promise to appoint plaintiff as the chief of police for the City of Plano and whether enforcing the promise would violate public policy. We affirm.

Plaintiff filed a two-count complaint on March 2, 1990. Defendant moved to dismiss both counts, and the court granted the motion but granted plaintiff 21 days to file an amended complaint. Plaintiff then filed an amended complaint which was based upon a breach of contract. In the complaint, plaintiff alleged that he had been ap-

pointed police chief in 1982. As a condition of his employment, plaintiff relocated his residence to Plano. No charge of improper conduct had been raised against him. When defendant was elected mayor of Plano, plaintiff met with him to determine if plaintiff would be appointed by defendant to serve as police chief under defendant. Plaintiff alleged the following:

"8. That during the course of said meeting, the Plaintiff informed the Defendant that the Plaintiff had other job opportunities available to him at that time, but that he would rather remain as the Chief of Police.

9. That the Defendant told the Plaintiff that he was not prepared to appoint the Plaintiff as Chief of Police at the present time, but did wish to appoint the Plaintiff to the position of Chief of Police in the near future.

10. That the Defendant then offered to the Plaintiff that he would appoint the Plaintiff to the position of Chief of Police within the next three months if the Plaintiff would agree to stay on the job as Plano Police Chief and not seek employment elsewhere during said time period.

11. That the Plaintiff accepted the offer of the Defendant and agreed that he would stay on as the Police Chief of Plano and not seek employment elsewhere in exchange for the Defendant's promise to appoint the Plaintiff as Police Chief within the next three months.

12. That the Plaintiff kept his part of the agreement by remaining on the job and not seeking employment elsewhere.

13. That the Defendant on October 6, 1989, breached his oral contact with the Plaintiff by terminating his employment with the City of Plano and by failing to appoint the Plaintiff as Police Chief."

Plaintiff sought damages against defendant alleging that, as a result of the breach, plaintiff lost his employment and salary as chief of police and was forced to accept other employment at a substantially reduced pay.

Defendant moved to dismiss the complaint pursuant to section 2—615 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1989, ch. 110, par. 2—615). Defendant alleged that the complaint failed to state a claim for which relief could be granted because defendant had no power to appoint plaintiff. Defendant as the mayor could appoint plaintiff as the chief of the police department only with the advice and consent of the city council of Plano. (See Ill. Rev. Stat. 1989, ch. 24, par. 10—2.1—4; Plano, Ill., Ordinance 2—3—4 (Ord.

1976–1; amd. Ord. 1981–16, November 23, 1981).) Defendant alleged that the complaint was deficient because defendant could not enter into a binding employment contract with plaintiff. Plaintiff responded by arguing that defendant's *ultra vires* defense could not be brought in a motion under section 2–615; rather, section 2–619 of the Code is the appropriate section (Ill. Rev. Stat. 1989, ch. 110, par. 2–619). Plaintiff also noted that the complaint did not allege that defendant breached an employment contract but only that defendant failed to appoint plaintiff.

The trial court agreed with plaintiff's argument that the defendant's motion could not be granted on the ground that defendant had no power to enter into an employment contract; the complaint referred only to defendant's agreement to make an appointment. Nevertheless, the court ruled that defendant's motion was also in the nature of a section 2–619 motion and the amended complaint filed by plaintiff failed to state a cause of action. The court ruled that the allegation that plaintiff had "job opportunities" was conclusional and not a well-pleaded fact. Further, plaintiff failed to state a claim for breach of contract, because, *inter alia*, he failed to identify a definite contractual obligation and the terms of the agreement; defendant's alleged statements were of an informal nature and expressed only continuing good will. The court also ruled that paragraphs 13 and 14 of the complaint made an unreasonable inference that the board would have approved plaintiff's nomination. Paragraph 13 improperly concluded that defendant breached the contract.

The trial court granted plaintiff 21 days to amend the complaint. When plaintiff declined to do so, the trial court entered an order dismissing the cause with prejudice. Plaintiff appeals.

On appeal, plaintiff contends that the trial court erred by applying the wrong standards for a motion to dismiss; that the complaint adequately states a cause of action for breach of contract; and that the trial court erred in dismissing the complaint under section 2–615 when the motion alleged a section 2–619 defense.

■■ ■ The purpose of pleadings is to present, define, and narrow the issues, to limit the proof needed at trial, and to inform the defendant and the court of the conduct for which the defendant is called upon to answer and the relief which the plaintiff desires. (*People ex rel. Hartigan v. Candy Club* (1986), 149 Ill. App. 3d 498, 500.) To state a cause of action properly, a complaint must contain facts and not merely conclusions. (*Gray v. City of Plano* (1986), 141 Ill. App. 3d 575, 578.) Although pleadings are to be construed liber-

ally with the aim of doing substantial justice between the parties, a plaintiff is not relieved from the duty of including sufficient factual averments in his complaint. (Ill. Rev. Stat. 1989, ch. 110, par. 2—603(c); *Gray*, 141 Ill. App. 3d at 578.) A complaint will be deemed sufficient if the allegations contained therein reasonably inform the defendant by factually setting forth the elements necessary to state a cause of action. (*People ex rel. Scott v. College Hills Corp.* (1982), 91 Ill. 2d 138, 145; *Gray*, 141 Ill. App. 3d at 578-79.) A cause of action will be dismissed if the complaint contains mere conclusions unsupported by facts.

■■ ■ We first address plaintiff's concern that he was denied his day in court because the court dismissed the cause based on the insufficiency of the complaint rather than on the ground stated in defendant's motion to dismiss. Ordinarily, when a defendant raises an affirmative defense such as *ultra vires*, the motion should be brought under section 2—619, and the motion will admit all well-pleaded facts. (*Magnuson v. Schaider* (1989), 183 Ill. App. 3d 344, 352.) The motion should not be combined with other grounds for dismissal. (See *Bloomingdale State Bank v. Woodland Sales Co.* (1989), 186 Ill. App. 3d 227, 233; *Magnuson*, 183 Ill. App. 3d at 355; *Premier Electrical Construction Co. v. La Salle National Bank* (1983), 115 Ill. App. 3d 638, 642.) Nevertheless, in the interest of judicial economy, trial courts have reviewed motions to dismiss based on combined section 2—615 and section 2—619 reasons. (*Magnuson*, 183 Ill. App. 3d at 355.) While plaintiff did object to the combination of the motion before the trial court, the trial court gave plaintiff 21 days to amend his complaint to comply with the section 2—615 reasons. Plaintiff declined to use this opportunity. In this situation, we do not find that plaintiff was prejudiced by the combination of the two procedures for dismissal. *Mohr v. Arachnid, Inc.* (1990), 201 Ill. App. 3d 984, 989.

■■ The trial court noted the essential requirements which must be found to hold a contract exists. These requirements are: competent parties, valid subject matter, legal consideration, mutuality of obligation and mutuality of agreement. (*Steinberg v. Chicago Medical School* (1976), 41 Ill. App. 3d 804, 807, *aff'd in part & rev'd in part* (1977), 69 Ill. 2d 320, 329.) Generally, parties may contract in any situation where there is no legal prohibition, since the law acts by restraint and not by conferring rights. (*Steinberg*, 41 Ill. App. 3d at 807.) Consideration is a basic element for the existence of a contract; any act or promise which is of benefit to one party or disadvantage to the other constitutes sufficient consideration to support

a contract. (*Steinberg*, 69 Ill. 2d at 330.) Plaintiff's action in the case at bar must fail because of the lack of consideration and the invalidity of the subject matter.

■ The complaint states that defendant made a promise to appoint plaintiff as police chief. This is a promise which cannot be supported by consideration. Making such appointments is an official act, and a private party cannot give an official any property or advantage with the intent to influence the performance of the act. (See Ill. Rev. Stat. 1989, ch. 38, par. 33—1.) Plaintiff, of course, never contended that he could provide such a benefit to defendant; rather, plaintiff contends the consideration element was met by his detriment of remaining on the job and of not seeking other employment. In short, he trusted defendant's promise. However, even if we were to accept plaintiff's vague reference to "other job opportunities" as a specific factual allegation rather than a conclusion, the foregoing of another employment position is not deemed adequate consideration. *Koch v. Illinois Power Co.* (1988), 175 Ill. App. 3d 248, 252-53; *Titchener v. Avery Coonley School* (1976), 39 Ill. App. 3d 871, 875.

We are mindful that, in some instances, an employee's continued work after an offer constitutes consideration for the promises included in the statements made to induce such continuing work and, under traditional principles, a contract is formed. (*Duldulao v. Saint Mary of Nazareth Hospital Center* (1987), 115 Ill. 2d 482, 490; *Mohr*, 201 Ill. App. 3d at 990.) In *Mohr*, a specific offer was made to an employee, who accepted it by continuing at work; her continued work constituted consideration. (*Mohr*, 201 Ill. App. 3d at 990.) In the cause before the court, plaintiff was not working for defendant but for the City of Plano. Plaintiff was already police chief, and he was already obligated to fulfill his duties. In addition, *Mohr* involved private parties whereas the case at bar involves a public official.

■ Promises by elected officials are generally not enforced by the courts for public policy reasons. First, the policy against agreements concerning appointments is represented in several of this State's statutes. A public officer may not be given consideration to influence the performance of his duties. (Ill. Rev. Stat. 1989, ch. 38, par. 33—1.) No person may influence another's vote by promising the appointment of any person to public office. (Ill. Rev. Stat. 1989, ch. 46, par. 29—2.) It is the public policy of this State that the actions of our public commissions be taken openly. (Ill. Rev. Stat. 1989, ch. 102, par. 41.) While none of these statutes bears directly

on the plaintiff's situation as he did not pay for but detrimentally relied upon the promise of an appointment, the statutes do show the State's interest in promoting the unfettered discretion of the executive in making decisions concerning the administration of the government.

Second, the nominating power of an executive is a political power, to be exercised by the executive according to his own discretion. (*Marbury v. Madison* (1803), 5 U.S. (1 Cranch) 137, 167, 2 L. Ed. 60, 70.) Public policy prevents us from enforcing a contract restricting defendant's executive discretion, and this court will not interfere with the executive's discretion in making appointments. (*City of Aurora v. Schoeberlein* (1907), 230 Ill. 496, 504.) Under the separation of powers doctrine, the judicial branch shall not exercise powers belonging to another branch. (Ill. Const. 1970, art. II, §1.) Plaintiff alleges no violation of the civil service law (Ill. Rev. Stat. 1989, ch. 24, par. 10—1—1 *et seq.*) or any other law by which a governmental unit loses discretion over appointment or promotion. As the appointment of chief of police was not a ministerial act but a discretionary act of the executive branch, we will not enforce the agreement and interfere with the administration of the City of Plano.

■ A public office is a public trust. (63A Am. Jur. 2d *Public Officers & Employees* §87 (1984).) Executory agreements for the appointment into an office cannot be made the basis for a recovery. (63A Am. Jur. 2d *Public Officers & Employees* §90 (1984).) The law does not recognize that any legally enforceable right can arise from such agreements, even though they are executed in part or in full. The court must decline to aid either party and will generally leave them where it finds them. If they have performed the services contemplated, advanced money or are otherwise out of pocket because of the contract, they can obtain no redress at law. (63A Am. Jur. 2d §90, at 735-36 (1984); see *Liness v. Hesing* (1867), 44 Ill. 140, 143.) Plaintiff could not obtain any rights to his office until the last act required of the appointing authority had been performed. (See *Spicer v. City of Chicago* (1986), 149 Ill. App. 3d 68, 73; *Molnar v. City of Aurora* (1976), 38 Ill. App. 3d 580, 583.) As plaintiff was neither appointed by the mayor nor approved by the city council, he had no enforceable right to the office of the chief of the police department.

While the record reflects that neither party to the agreement had an improper motive in entering into the alleged agreement, it is not an agreement that a court can enforce, and the court cannot

grant damages to plaintiff for defendant's failure to keep his promise to make the appointment. Although plaintiff is not seeking an action for an injunction, specific performance, *certiorari, mandamus* (Ill. Rev. Stat. 1989, ch. 110, par. 14—101 *et seq.*) or *quo warranto* (Ill. Rev. Stat. 1989, ch. 110, par. 18—101 *et seq.*), our decision should not be different because he is seeking damages. The threat of damages can be just as coercive as the threat of an order enforceable by the powers of contempt. We will not impair the decisions of executives in making appointments. The appointing authority must be allowed to make appointment without fear of personal liability.

Accordingly, plaintiff's complaint fails to state any claim for which this court can grant relief.

For the above reasons, the order of the circuit court dismissing the plaintiff's cause is affirmed.

Affirmed.

BOWMAN, J., concurs.

JUSTICE GEIGER, specially concurring:

I concur in the result reached in the majority's decision. I also concur in the majority's conclusion that the plaintiff's action must fail because of the lack of sufficient allegations of consideration to support an action in contract. I do not, however, join the court's further discussion of "the invalidity of the subject matter" of the alleged contract.

Here, when the trial court first ruled on the defendant's motion in the nature of a section 2—615 motion, it provided the plaintiff the opportunity to amend his complaint. The plaintiff made no amendment. I would affirm the trial court's dismissal with prejudice because it clearly appears that the plaintiff cannot prove any set of facts which would entitle him to relief. *Russell H. Lankton Construction Co. v. LaHood* (1986), 143 Ill. App. 3d 806, 808.