JUDGE LINDSAY
delivered the opinion op the court.
The first and second sections of an act of the General Assembly, approved February 26, 1873, entitled “An act to authorize the judge of the Jefferson County Court to appoint a collector of back taxes for the county of Jefferson,” provide as follows:
“ 1. That the county judge of the Jefferson County Court be and he is hereby authorized to appoint a collector of back taxes for the county of Jefferson, who shall hold his office for the term of four years.
“ 2. That the collector of back taxes so appointed shall be required to execute a covenant to and with the commonwealth of Kentucky, with sureties to be approved by the judge of the Jefferson County Court, in manner and form as now required of sheriffs for the collection of the revenue, and subject to like restrictions and penalties, and renew the same at the February or March term of the Jefferson County Court annually.”
The power to appoint the collector of back taxes is vested in the judge of the County Court. He is to exercise it in his character as judge, and whether the appointment be made in or out of court, it is the act of the judge, and not of the court. *146 In order therefore to make a valid appointment it is not necessary that any memorandum thereof shall be entered upon the order-book of the court.
The right of the appointee to be inducted into office depends upon the fact of the appointment, and not upon his ability to establish that fact by the production of an order of court.
The act under consideration does not prescribe. the manner in which the judge shall make the appointment, nor does it direct that any written evidence of his action shall be furnished to the person appointed. In such a state of case it is only necessary that the person claiming the office shall show that the officer having the power to appoint has exercised that power, and decided in his favor. This decision must be evidenced by some “open, unequivocal act.” (Marbury v. Madison, 1 Cranch, 157.)
This'act, however, need not be the execution of a writing. The appointment, if made in the presence of the tribunal charged with the duty of taking the bond and administering the oath of office to the appointee, may be by an oral announcement, by the judge of his determination. (Saunders v. Owen, 12 Modern Reports, 200; 2 Salkeld, 467.) In the case cited the statute authorized the appointment of a clerk of the peace. The Earl of Winchelsea, who had the power to nominate, appointed Philip Owen, and evidenced that fact .by a written instrument.’ The court doubted the validity of the grant, whereupon the said Earl orally announced the appointment, and Owen was admitted. Afterward, in a proceeding to oust him from office by a person claiming a subsequent appointment, the question as to whether the parol nomination was sufficient was raised, and the Court of King’s Bench unanimously held that it was. . .
The statute authorizing the appointment of a back-tax collector for Jefferson County provides that the appointment *147 shall be made by the judge who usually holds the court charged with the duty of inducting the appointee into office. Ordinarily therefore the production of a written memorial of the appointment would be entirely useless, and there is nothing in the act from which it can be inferred that the legislature intended that the execution of a writing of any kind should be necessary to complete the appointment and invest the person appointed with the right to the office.
Field claims that he was appointed to the office on the 3d day of March, 1873. The evidence before us shows that the county judge did decide to appoint him, and that he evidenced that decision by open and unequivocal acts and by oral statements publicly made while the county court was in session. It shows that the.clerk of that court, with the knowledge and assent if not in obedience to the directions of the judge, administered to Field the oath of office, and attested a bond executed by him in open court.
We need not decide how far the failure of the judge to sign the orders of court entered of record on the'3d of March, 1873, affects the validity of the qualification of Field as an officer. Such failure in no wise affects his right to the office, as that right springs from the appointment, and not from any proceeding in court.
The appointment being complete and perfect, Field thereby acquired a right to the office for the term of four years, and he can not be deprived of that right except for cause, and then only in the mode pointed out by law.
It results therefore that the éx parte order of April 29th, by which the county court attempted to revoke his appointment, is void. And as there was no vacancy, existing on the 13th of May, 1873, at which time it is claimed appellant, C. C. Hoke, was appointed, and allowed to execute bond and take the oath of office, the action of the county judge touching such alleged appointment, as well as that of the county court *148 permitting Hoke to qualify as back-tax collector, was unauthorized, and consequently invalid for any and all purposes.
Having no right to the office, it is clear that appellant could not maintain against Field an action to prevent him from exercising it. His petition was therefore properly dismissed.
Judgment affirmed.