# WILLIAM J. GOODMAN *v.* CLERK OF THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY

[No. 2, September Term, 1981.]

*Decided October 7, 1981.*

The cause was argued before MURPHY, C. J., and SMITH, ELDRIDGE, COLE, DAVIDSON and RODOWSKY, JJ.

*David P. Bird* for appellant.

*Robert A. Zarnoch, Assistant Attorney General,* with whom was *Stephen H. Sachs, Attorney General,* on the brief, for appellee.

COLE, J., delivered the opinion of the Court.

The issue presented in this case is whether the Clerk of the Circuit Court for Prince George's County should be compelled to administer the oath of office to William J. Goodman as a member of the Maryland-National Capital Park and Planning Commission (Commission). The Circuit Court for Prince George's County dismissed Goodman's suit requesting a writ of mandamus to issue compelling said action on the ground that Goodman's appointment by the County Executive was invalid and of no legal effect. Goodman appealed to the Court of Special Appeals; however, we granted certiorari prior to consideration by that court.

The Commission is a state agency authorized by Maryland Code (1957, 1978 Repl. Vol.), Art. 66D, § 5-101 (a) and (b) to acquire, by gift, purchase or condemnation, land or other property within the Maryland-Washington Metropolitan District, comprising Montgomery and Prince George's Counties, for the purpose of public recreation or the construction of public recreation centers.

Section 2-101 of Art. 66D establishes that the Commission is to be composed of ten members, five from Montgomery County and five from Prince George's County, not more than three of whom from each county may be of the same political party. In Prince George's County, appointments are to be made by the County Executive, subject to approval by the

County Council. If the Council fails to act within 30 days the appointment is automatically approved. Section 2-102 of the Article provides that the term of each member is to be four years, to begin on June 15 of any one year, and that appointments are to be made on or before that date. Under § 2-103, if a vacancy occurs before the expiration of a term, the person appointed by the Prince George's County Executive to fill out that term must be of the same political party as his predecessor.[1]

Prior to the events which gave rise to the instant case, the five members of the Commission from Prince George's County were Wilmer C. "Bud" Dutton (term to expire June 15, 1979), Ann Hopper (term to expire June 15, 1979), Dr. John W. Churchill (term to expire June 15, 1980), Raymond W. LaPlaca (term to expire June 15, 1981), and Edwin H. Brown, Sr. (term to expire June 15, 1982). On January 30, 1979, County Executive Lawrence J. Hogan appointed John B. Burcham, Jr., to be a member of the Commission for a term expiring on June 15, 1981, which office had been vacated by LaPlaca. This appointment was confirmed by the Prince George's County Council. On June 6, 1979, the County Executive appointed Ann C. Shoch to replace Hopper, whose term was to expire on June 15, 1979. This appointment was also confirmed.

On March 11, 1980, the County Executive submitted the name of Dr. John H. Cumberland to the Council in a memorandum which stated that he was appointed "Replacing W. C. Dutton. Term Expiring: June 15, 1983." Dutton had resigned, effective December 30, 1978. On April 22, 1980, forty-two days later, however, the Council rejected Cumberland on the premise that the 30-day period described above was to be computed according to the number of busi-

---

1. In Montgomery County, a slightly different procedure is followed. In that county, the County Council appoints members to the Commission, from a list available to the public, and the appointments are subject to the approval of the County Executive. If the County Executive disapproves, the Council may, by a vote of five of its members, appoint a member over the disapproval of the Executive. Art. 66D, § 2-101. In Prince George's County removal power is vested in the County Executive; in Montgomery County it is vested in the County Council. § 2-103.

ness days, instead of the number of calendar days, as per Md. Code (1957, 1979 Repl. Vol.), Art. 94, § 2. The County Executive thereafter submitted Goodman's name to the Council on May 21, 1980, in a memorandum which stated that he was "Replacing W. C. Dutton, who resigned. Term Expiring: June 15, 1983." Thirty-six calendar days later, on June 26, 1980, the Council rejected Goodman. A memorandum from the County Executive, dated June 26, 1980, was transmitted to the Council and stated that since Dr. Cumberland had been confirmed as a member of the Commission by operation of law, Mr. Goodman was being appointed to fill a different position, that of Dr. John W. Churchill, which had expired June 15, 1980. On July 15, 1980, the Council again rejected Goodman as an appointee, and the Clerk of the Circuit Court refused Goodman's request to administer to him the oath of office.

Goodman's contentions are manifold. He contends that he was appointed on May 21, 1980, that a vacancy (Dr. Churchill) occurred on June 15, 1980, that the Council did not act within thirty (30) days of May 21st and, therefore, he was confirmed by operation of law. He maintains that the reference in the County Executive's letter of May 21st to the Dutton vacancy was mere surplusage and of no significance since the statute does not require the Executive to designate the vacancy to be filled. In other words, Goodman argues that it is the statutory term which is significant, not the slot actually specified by the Executive. Thus, Goodman contends that since his appointment is presumed to be valid, even if no vacancy existed at the time of the May 21st letter, if a vacancy in fact occurred thereafter by operation of the statute, as it did on June 15, 1980, he was entitled to fill this seat.

The Clerk counters by claiming that under the circumstances of this case, the County Executive failed to fully and accurately inform the County Council and the public of when and in what manner the duty of appointment had been performed, and for this reason the appointment of Goodman to the Commission was invalid.

Goodman, nevertheless, insists that designation of the specific seat to be filled is not required under Article 66D. He advises us, quite correctly, that under common law principles it is the statutory term which takes precedence when a different term is specified in the actual nomination by the appointing officer, *e.g., Dodsworth v. Mayor of Medford,* 308 Mass. 62, 30 N.E.2d 835 (1941), and that there is a presumption that an appointment has been validly made in accordance with law. 63 Am. Jur. 2d *Public Officers and Employees* § 127; 67 C.J.S. *Officers* § 43. Therefore, Goodman maintains, the discrepancy does not affect the validity of his appointment. We do not agree.

While, as a rule, an appointment will be presumed to have been validly made in accordance with the law, once the power to appoint has been validly exercised, any subsequent appointment to the same office will be void unless the incumbent has been removed or the office has otherwise become vacant. C.J.S. *Officers* § 43. It is axiomatic that two persons cannot occupy the same office at the same time. Here, when the County Executive appointed Goodman on May 21st the Dutton seat had been filled by Cumberland by operation of law on April 11, 1980.

What Goodman fails to recognize is that to constitute a valid appointment to office there must be some open, unequivocal act of appointment on the part of the officer or body empowered to make it. *Marbury v. Madison,* 5 U.S. (1 Cranch) 137, 157, 2 L. Ed. 60 (1803); *accord, Molnar v. City of Aurora,* 38 Ill. App. 3d 580, 348 N.E. 2d 262 (1976); *Westphal v. City of Council Bluffs,* 275 N.W. 2d 439 (Iowa 1979); *Hoke v. Field,* 73 Ky. (10 Bush) 144 (1873). Specifically, there must be an intention on the part of the appointing authority to place the person of his choice in the position to be filled. *State v. Peelle,* 124 Ind. 515, 24 N.E. 440 (1890). Additionally, there must be strict compliance with the statutory provisions granting the power to appoint. *Westphal v. City of Council Bluffs, supra. See generally* 63 Am. Jur. 2d *Public Officers and Employees* § 99; 67 C.J.S. *Officers* § 40.

To adopt the argument proposed by Goodman is to assume that the seats on the Commission are interchangeable. Our analysis of the statutes governing the operation of the Commission makes it apparent to us that the individual slots on the Commission are not interchangeable. Each is distinct from the other, not only because of rotation of terms, but also because of the statutorily mandated political composition of the Commission. Since, according to Art. 66D, § 2-101, no more than three Commission members from Prince George's County can belong to the same political party, and since, under § 2-103, the appointee who fills the seat of a member who creates a vacancy before his term expires must be of the same political party, it is important that the appointing executive make known to the Council and the public the specific vacancy which he desires to fill.

The County Executive's expressed intent in his May 21st communication was that Goodman would serve out the Dutton term, which expired June 15, 1983. However, that seat was filled by Dr. Cumberland by operation of law and thus Goodman's appointment thereto was void. This was the information which the Council was called upon to review, in the exercise of the powers granted to it under Art. 66D, § 2-101. It was not until after the Council had considered and rejected Goodman for this vacancy that the County Executive specified that Goodman was to fill another seat — the Churchill seat. We hold, therefore, that in the instant case there was no open, unequivocal act appointing Goodman to the Commission until June 26, 1980. In order for this appointment to be effective, it was necessary for the County Council to approve it, and they did not. They rejected it within the thirty days provided in the statute.

Accordingly, the judgment of the Circuit Court for Prince George's County is affirmed.

*Judgment affirmed.*
*Appellant to pay the costs.*