Ronald O. LINTON

v.

FREDERICK COUNTY BOARD OF COUNTY COMMISSIONERS, et al.

Civ. No. S 91–1560.

United States District Court, D. Maryland.

July 3, 1991.

Ralph Gordon, M. Bridget Bielinski, Gordon and Simmons, Frederick, Md., for plaintiff.

Daniel Karp, Allen, Johnson, Alexander & Karp, Baltimore, Md., James B. Moorhead, Miller, Miller & Canby, Rockville, Md., for defendant.

## MEMORANDUM

SMALKIN, District Judge.

This is a case removed from a Maryland state court, in which the plaintiff's complaint set forth four claims, all arising from his termination as a public employee (Chief of Highway Operations) of Frederick County, Maryland. The case is pending on cross-motions for summary judgment (or partial summary judgment) as to Counts I and II, plaintiff's constitutional claims stemming from his discharge. In the event Counts I and II are made the subject of summary judgment, defendants request that Counts III and IV be dismissed under the doctrine of pendent jurisdiction as articulated in *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Upon consideration, the Court is of the opinion that plaintiff's motion for partial summary judgment should be denied, while defendants' motion for summary judgment should be granted.

■ The sole issue in Counts I and II is whether the plaintiff received adequate pre-termination due process. Before the plaintiff was fired, he was handed a two-page, single-spaced, highly detailed memorandum from Mr. Hayes, the Deputy Director of Public Works, setting forth the grounds for his dismissal, painstakingly pointing out, with regard to a number of work sites, continuing and blatant violations of State Department of Natural Resources sediment and erosion control regulations, for which the plaintiff, as a supervisor, was responsible. He was handed the document at a meeting with its author (Hayes) and an intermediate supervisor, Mr. Giancola. The notice of dismissal was discussed at the meeting, and Mr. Linton was given the opportunity to resign. He thought about it overnight, and, the next day, he reported that he did not wish to resign, after which he was fired. Plaintiff appealed his firing, utilizing the full panoply of post-termination hearing procedures available to him.

Although plaintiff, in his affidavit, and his memoranda, complains that the notice of termination was difficult to understand and not comprehensive enough, this contention is obviously refuted by a simple reading of the plain, detailed, and comparatively lengthy (2 single-spaced pages) memorandum. There is no requirement that a pre-termination notice be as detailed as, for example, even a complaint in a federal civil case or an indictment. This notice was plainly constitutionally adequate under the tests in, *e.g.*, *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985) and *Fields v. Durham*, 909 F.2d 94 (4th Cir. 1990).

■ The only other questions are whether the plaintiff had an adequate explanation given him of the employer's evidence and an opportunity to present his side of the story before his employment was terminated. It is given that he was handed written notice of the charges, which explained the evidence in some detail, and which was discussed at the meeting. The plaintiff seems to contend, in his reply memorandum, that each and every charge of misconduct should have been discussed at the meeting, and that he should have been presented with documentary evidence of each allegation. This contention is meritless. Under *Loudermill* and *Fields*, the pre-termination hearing is not a trial, but simply an opportunity to be heard. *See, e.g., Garraghty v. Jordan*, 830 F.2d 1295, 1302 (4th Cir.1987). During this hearing, Linton, confronted with a detailed statement of the charges against him and an oral presentation by Hayes, certainly had the employer's evidence of his misconduct disclosed to him—even if that evidence consisted only of Hayes' conclusions based on state DNR complaints—and the "opportunity to present his side of the story," which is all that is required by *Loudermill. See Fields v. Durham*, 902 F.2d at 97–98. Indeed, what plaintiff would have the Court do here, on the essentially undisputed

facts,[1] is to turn the pre-termination procedure into a mini-trial—a position that was flatly rejected on remand by the Court of Appeals in *Loudermill*, based on its reading of what the Supreme Court had held in that very case. *Loudermill v. Cleveland Board of Education*, 844 F.2d 304, 310–11 (6th Cir.1988) (on remand).

For the reasons stated, an order will be entered separately denying plaintiff's motion for partial summary judgment and granting the defendants' motion for summary judgment as to Counts I and II. Because there is no federal claim remaining for trial, the Court lacks federal subject-matter jurisdiction over the remaining counts, and the case will be remanded to the Circuit Court for Frederick County, Maryland. 28 U.S.C. § 1447(c). *See Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988).

---

**1.** Although plaintiff and his former supervisor disagree over the length of the pre-termination meeting (5 vs. 20 minutes, respectively), this dispute is immaterial, given that plaintiff does not contend in his affidavit that he was in any way prevented from presenting his side of the story to Messrs. Hayes and Giancola during the meeting. The length of the meeting is not, therefore, legally significant.