David Alan WINELAND, Plaintiff,

v.

The COUNTY COMMISSIONERS OF DORCHESTER COUNTY, et al., Defendants.

Civ. No. K–94–2512.

United States District Court, D. Maryland.

May 5, 1995.

Bruce L. Marcus, Marcus and Bonsib, Greenbelt, MD, for plaintiff.

Eric Hemmendinger, Shawe & Rosenthal, Baltimore, MD, Richard D. Harrington, Harrington and Merryweather, Cambridge, MD, Gregory L. Vangeison, Anderson, Coe & King, N/A, Baltimore, MD, for defendants.

## MEMORANDUM AND ORDER

FRANK A. KAUFMAN, Senior District Judge.

(1) Reference is made to defendants' motion to dismiss; this Court's November 16, 1994 Memorandum and Order; this Court's February 17, 1995 Memorandum to Counsel; and to all other filings in this case.

(2) Plaintiff, David Alan Wineland ("Wineland"), is a citizen of Tennessee. Defendants, County Commissioners of Dorchester County ("Commissioners"), are officers of a political subdivision created under Article 25 of the Annotated Code of Maryland, namely of Dorchester County, Maryland. Defendant, Dorchester County Recreation and Parks Board ("Board"), is an agency created by Commissioners, and exists under the Dorchester County Code. Jurisdiction in this Court, therefore, is appropriate under 28 U.S.C. § 1332.[1]

(3) Wineland filed a four (4) count complaint alleging that 1) defendants unconstitutionally removed him from his job without due process; 2) defendants violated the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* by failing to pay him overtime; 3) defendants invaded his privacy by holding a public hearing during which personnel matters were discussed; and 4) defendants interfered with his pension rights as guaranteed by ERISA, 29 U.S.C. § 1140. On November 16, 1994, this Court, in a Memorandum and Order, granted defendants' motion to dismiss Count IV of the complaint. Therefore, only counts I, II and III remain before this Court.

(4) Wineland was employed, on a year-to-year contract basis, as the director of recreation and parks from April, 1986 through October 1992.[2] During his tenure in that position, he was "charged with the general organization, administration and supervision of the programs of public recreation...." Dorchester Country Code § 37–3. By way of example but not by way of limitation, the duties required by plaintiff's position were: oversight of departmental programs for the public; development of the annual budget; oversight of the department's maintenance program; hiring and firing authority; coordination of development and use of recreational facilities for the public.[3] Further, during defendant Board's May 1991 meeting, six specific tasks were assigned to Wineland.[4] In April, 1992, defendant Board met again and recommended that plaintiff not be reappointed due to his failure to meet the performance goals set forth during the aforementioned May 1991 meeting. On April 13, 1992, the Board sent Wineland a copy of its decision.[5] Wineland's attorney responded on April 22, 1992, requesting a review of the facts and circumstances leading to the

---

**1.** As indicated in paragraph three (3), *infra,* plaintiff has brought three counts which involve federal causes of action. Therefore, jurisdiction is also appropriate with respect thereto pursuant to 28 U.S.C. § 1331 and perhaps, as to the other count, pursuant to supplemental jurisdiction. *See* 28 U.S.C. § 1367.

**2.** *See* Plaintiff's exhibits 1–4, 6.

**3.** *See* Defendants' exhibit 10.

**4.** Those tasks included: completing certain construction; developing a long term maintenance plan; developing a flexible work schedule for employees; attending certain town meetings; developing a plan to implement school community centers program; and, if possible, developing computer camps. *See* Defendant's exhibit 2.

**5.** *See* Defendants' exhibit 2.

Board's decision.[6] On August 20, 1992, the Board sent Wineland a letter describing the reasons for his termination. The letter stated that his termination would be effective September 30, 1992.[7] Wineland requested an opportunity to meet with the Board in order to negotiate a severance agreement.[8] While a meeting was held on September 14, 1992, no agreement was reached. On October 14, 1992, Wineland and his counsel were each notified that a hearing, regarding the proposed termination would take place on October 20, 1992 before the Commissioners. The notice which counsel received stated that Wineland would continue to be employed pending the Commissioners' decision.[9] On October 20, 1992, the Commissioners held a public meeting, as required by Annot.Code of Md. Art. 25, § 5, at which Wineland's proposed termination was discussed. While Wineland complains that he was not informed of his right to call witnesses, the minutes clearly indicate that Wineland was allowed to, and in fact did, cross-examine those witnesses who were called to testify in favor of his termination.[10] Additionally, during the hearing, Wineland was represented by counsel. Said counsel made both opening and closing arguments and called upon Wineland to testify so that he could present his version of the facts.[11] Following the hearing, the Commissioners voted to terminate Wineland.

(5) This Court, in its aforementioned November 16, 1994 Memorandum and Order, notified the parties that it would treat defendants' motion to dismiss as a motion for summary judgment. Accordingly, the parties were directed to submit materials for this Court to consider in proper Rule 56 form. A party is entitled to summary judgment provided that there is no genuine issue of material fact. Fed.R.Civ.P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). Under the applicable standards, the nonmoving

party is entitled to have "all reasonable inferences ... drawn in [its] respective favor." *Felty v. Graves–Humphreys Co.*, 818 F.2d 1126, 1129 (4th Cir.1987). The party resisting summary judgment bears the burden to "go beyond the pleadings and by [its] own affidavits, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

▄ (6) In Count I, Wineland alleges that defendants unconstitutionally removed him from his job. In order to establish that he was unconstitutionally terminated, plaintiff must show that he had a property interest in his position. *Board of Regents v. Roth*, 408 U.S. 564, 569, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972); *Leese v. Baltimore County*, 64 Md.App. 442, 456–63, 497 A.2d 159, *cert. denied* 305 Md. 106, 501 A.2d 845 (1985). To establish such a property interest, a plaintiff must show that specific rules or "mutually explicit understandings" exist which provide job security. *Perry v. Sindermann*, 408 U.S. 593, 601, 92 S.Ct. 2694, 2699, 33 L.Ed.2d 570 (1972). Additionally, a government employee can establish a property interest in a job by showing a "guarantee of continued employment or promotion." *Leese* at 457, 497 A.2d 159. Absent such proof, an employee is assumed to be at-will. *Leese* at 457, 497 A.2d 159; *Elliott v. Kupferman*, 58 Md.App. 510, 520, 473 A.2d 960 (1984).

▄ In the instant case, it is clear that plaintiff held a series of one year contracts, which, apart from the first contract, ran from July 1 to June 30. The County Code specifically states that "the director's term of office shall be for one (1) year, but shall be subject to reappointment by the Board." Dorchester County Code, § 37–3. While the record shows that in previous years Wineland's contract was renewed, the record also shows

---

6. *See* Defendants' exhibit 3.

7. *See* Defendants' exhibit 4.

8. *See* Defendants' exhibit 5.

9. *See* Defendants' exhibits 6 and 7.

10. The individuals who testified in favor of termination were Brooks Parker, Chairman of the Board of Recreation and Parks, and Spicer Bell, Superintendent of Schools and a member of the Board of Recreation and Parks.

11. *See* Defendants' exhibit 8 at pages 4–13.

that Wineland was provided notice that his contract would not be renewed for the 1992–1993 year. Under the *Sindermann* principles, there is seemingly no expectation of job security. Nor is there any other type of statute or rule which would provide plaintiff with the claimed property interest.[12] Simply put, plaintiff seemingly knew, each year, that his contract might not be renewed and that in order to keep his position, he had to be reappointed to it. *See,* generally, *Goodman v. Clerk of Circuit Court,* 291 Md. 325, 435 A.2d 422 (1981). Thus, plaintiff did not have the requisite property expectation.

■ Assuming, *arguendo* only, that plaintiff did hold a property interest in his job, defendants provided him with a proper due process hearing under the standards set forth in *Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). In that case, the Supreme Court stated that before they are terminated, certain public employees are entitled to " 'some kind of a hearing.' " *Id.* at 542, 105 S.Ct. at 1495 (*citing Roth,* 408 U.S. at 569–70, 92 S.Ct. at 2705). Generally, " 'something less' than a full evidentiary hearing is sufficient...." *Loudermill,* 470 U.S. at 545, 105 S.Ct. at 1495 (*citing Mathews v. Eldridge,* 424 U.S. 319, 343, 96 S.Ct. 893, 907, 47 L.Ed.2d 18 (1976)). The requirements are that the party be given "oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." *Id.* at 546, 105 S.Ct. at 1495. "[T]he pre-termination hearing is not a trial, but simply an opportunity to be heard." *Linton v. Frederick County Board of County Commissioners,* 773 F.Supp. 784, 785 (D.Md. 1991), *aff'd,* 964 F.2d 1436 (4th Cir.1992).

The "paper trail" leading to Wineland's eventual termination is rather lengthy and seemingly meets the *Loudermill* standard. Wineland was informed of the charges against him,[13] he was given an explanation of the reasons for termination,[14] and was afforded the opportunity to be heard.[15] The minutes of the meeting on October 20, 1992 indicate not only that plaintiff testified on his own behalf, but also that plaintiff's counsel cross-examined those witnesses who spoke in favor plaintiff's termination and plaintiff's counsel presented opening and closing arguments on plaintiff's behalf.

(7) In Count II, plaintiff alleges that he is entitled to unpaid overtime pursuant to the FLSA. While the FLSA was amended to cover government employees in 1986, bona fide executive or administrative employees are exempt from the statute's overtime provisions. *See* 29 U.S.C. § 213(a). Regulations promulgated by the United States Department of Labor provide a "short" and a "long" test to determine whether the § 213(a) exemptions apply.

The short test for the *executive* exemption provides that managerial employees who receive a salary of not less than $250 per week are exempt if their "primary duty consists of the management of the enterprise in which employed or of a customarily recognized department or subdivision thereof and includes the customary and regular direction of the work of two or more other employees therein." 29 C.F.R. § 541.119(a). The short test for the *administrative* exemption provides that employees who receive not less than $250 per week are exempt if their "primary dut[ies] consist ... of either the performance of office or nonmanual work directly related to management policies or general business operations of the employer...." 29 C.F.R. § 541.214(a). In applying the short tests, a managerial employee can be exempt under the executive exemption, the administration

---

**12.** During two on-the-record telephone conferences which took place on February 13, and 14, 1995, this Court and counsel of record discussed the possibility that plaintiff might have a breach of contract claim which had yet to be asserted by plaintiff. Such a claim could perhaps be based upon the argument that because the contract was not expressly terminated, it was implicitly renewed. However, in view of the fact that such a claim may perhaps be barred by limitations and may not perhaps meet the amount in controversy requirements, plaintiff apparently has chosen not to assert such a claim. *See* Memorandum to Counsel, February 17, 1995 at ¶ 6.

**13.** *See* notes 5 and 7, *supra.*

**14.** *See* note 7, *supra.*

**15.** *See* note 11, *supra.*

exemption or a combination of the two. *See Shockley v. City of Newport News,* 997 F.2d 18, 29 (4th Cir.1993).

■ In the instant case, plaintiff was the director of the department of recreation and parks and controlled a budget in excess of $400,000.[16] That department is recognized by the county government. The county code charges the director with "the general organization, administration and supervision of the programs of public recreation contemplated and provided for by this chapter." Dorchester County Code § 37–3. Plaintiff's own job description included: developing the annual budget, overseeing maintenance, hiring and firing employees, developing programs and community relations.[17] During the period of September 1991 to October 1992, Wineland had a full time staff of four.[18] Further, from July 1, 1990 through the date of termination, Wineland's annual salary was $41,872.[19] Therefore, under the short tests set forth by the Department of Labor, Wineland was exempt from the overtime provisions of the FLSA.

Plaintiff states that some of his work included menial work such as cleaning and trash collection.[20] Plaintiff also states that the County kept records of accumulated compensatory time as well as sick leave. Plaintiff argues that these actions convert him to a non-exempt employee. However, United States Department of Labor regulations expressly state that "additional compensation besides salary is not inconsistent with the salary basis of payment." 29 C.F.R. § 541.118(b). *See also Hartman v. Arlington County,* 720 F.Supp. 1227, 1229 (E.D.Va. 1989), *aff'd* 903 F.2d 290 (4th Cir.1990). Additionally, the short test provisions clearly refer to "primary duty." It is undisputed that Wineland was the *director* of recreation and parks and that according to the County Code, he was responsible for organization, administration and supervision. These are seemingly the "primary" duties covered by the Department of Labor's regulations and, therefore, the fact that Wineland may also

have performed certain menial tasks is immaterial.

■ (8) In Count III, plaintiff states a claim for invasion of privacy.

> One who gives publicity to a matter concerning the private life of another is subject to liability to the other for invasion of his privacy, if the matter publicized is of a kind that
>
>> a) would be highly offensive to the reasonable person, and
>>
>> b) is not of legitimate concern to the public.

Restatement (Second) of Torts, § 652D. *See Hollander v. Lubow,* 277 Md. 47, 55–57, 59, 351 A.2d 421, *cert. denied* 426 U.S. 936, 96 S.Ct. 2651, 49 L.Ed.2d 388 (1976).

There is no question, as this Court stated in its February 17, 1995 Memorandum to Counsel, that plaintiff's claim with respect to Count III is without merit. Wineland claims that defendants invaded his privacy by holding a public hearing at which his termination was discussed. During the October 20, 1992 hearing the issues discussed directly concerned the public, in that plaintiff's ability to function and meet the demands of his *public* job were discussed. Those issues are of legitimate concern to the public. There is no indication, nor is there any specific allegation, that personal or private matters were discussed. Rather, matters which directly affected plaintiff's public life as a public employee were considered during the hearing. Not only are such matters of legitimate public concern, but they can hardly be deemed highly offensive to the reasonable person. Because plaintiff cannot meet the basic elements of the tort of invasion of privacy, he is unable to make out a *prima facie* case and, therefore, has failed to state a claim upon which relief may be granted in that regard.

It is also important to note that Maryland law requires that the County Commissioners conduct their meetings in public. *See* Annot.Code of Md. Art. 25, § 5. Therefore, the

---

16. *See* Defendants' exhibit 9.

17. *See* Defendants' exhibit 10.

18. *See* Defendants' exhibit 11.

19. *See* Defendants' exhibit 11.

20. *See* Wineland affidavit at ¶ 17.

Commissioners can hardly be held liable in a common-law tort action when the action complained of was taken in compliance with state law.[21]

(9) For the reasons set forth *supra*, this Court hereby grants defendant's motion for summary judgment. Accordingly, judgment with respect thereto will be entered in a separate Order of even date herewith.

(10) It is so ordered.

---

**21.** Defendants have also raised a claim that they are immune from Count III because the termination resulted from the exercise of a governmental function. Because this Court finds that plaintiff has failed to state a claim under Count III upon which relief may be granted, this Court need not reach that issue of governmental immunity.